# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

JOHN LOCKE GREEN, TREASURER OF ARLINGTON COUNTY v. COUNTY BOARD OF ARLINGTON COUNTY, AND OTHERS.

January 21, 1952.

. Record No. 3897.

Present, All the Justices.

The opinion states the case.

*John Locke Green* and *Denman T. Rucker,* for the plaintiff in error.

*Edmund D. Campbell* and *Malcolm D. Miller,* for the defendants in error.

SPRATLEY, J., delivered the opinion of the court.

The object of this proceeding is to test the constitutionality of a portion of an Act of the General Assembly, chapter 345, Acts of Assembly, 1942. The pertinent provisions of the Act read as follows:

"Section 1—The board of supervisors or other governing body of any county adjoining any city within this State having a population of more than 190,000 according to the latest preceding United States census, or any county which has an area of less than 70 square miles of high land, may, in lieu of the method now prescribed by law, provide for the annual assessment and equalization of assessments of real estate in such county, for local taxation, and to that end may establish a real estate assessment office and elect one or more persons to assess such real estate for taxation and to equalize such assessments. * * *

\*   \*   \*   \*.   \*   \*

"Section 3—In any county operating under this act, all duties imposed and all powers conferred by law on the commissioner of the revenue with respect to the assessment of real estate shall be transferred to and vested in the assessor or assessors elected pursuant to this act, except that the commissioner of the revenue shall continue to prepare the land book and make disposition of the copies thereof as required by law. The land book shall be prepared by the commissioner of the revenue on the basis of the assessments made by the assessor or assessors and certified to him. Transfers shall be verified by the commissioner of the revenue."

Arlington county, a county with an area of 24 square miles, has since January 1, 1932, operated under the county manager plan of government. Code, § 15-350, *et seq.* On November 18, 1950, its county board, pursuant to chapter 345, Acts of 1942, adopted an ordinance providing for the annual assessment and equalization of assessments of real estate in the county for local taxation, beginning with the year 1951.

Appellant contends that the land area classification of the Act is special and local, contrary to § 63 (5) of the Constitution, which forbids the General Assembly to enact any local, special

or private law in certain cases, including "For the assessment and collection of taxes, \* \* \* ;" and in violation of § 110 of the Constitution in permitting the duties of the commissioner of revenue, a constitutional officer, to be taken from him. It is not claimed that the entire statute is unconstitutional, or that the ordinance of the county exceeds the authority of the Act.

Defendants contend that the Act, construed with other statutes, provides a logical and reasonable pattern for the authorization of annual assessments of real estate in small and densely populated counties near large cities. They point out that there were, at the time of its enactment, two counties, Henrico and Chesterfield, adjoining the city of Richmond, with a population of more than 190,000; that there were then two counties, Elizabeth City and Arlington, each having an area of less than 70 square miles of highland, and later Warwick, which was subsequently reduced in area to less than 70 square miles by reason of the adjustment of its boundaries with an adjoining county\*; and that there were counties adjacent to cities having a specified population, or adjoining a county having a certain density of population per square mile, and certain cities within specified population limits, or located in a county adjoining another county having a density of population per square mile, which were authorized by statute or city charter, as the case might be, to make annual assessments of real estate other than by their respective commissioners of revenue. Code, § 58-769, subsections 1 to 11, inclusive, and Code, § 58-779.

The case was heard on a petition for a declaratory judgment and the answer of the appellees, all questions of law and fact having been submitted to the court. The court sustained the Act as a general law.

Arlington county does not adjoin a city within this State having a population of more than 190,000, according to the latest United States census. That population may be a proper basis of classification is not questioned by the appellant. We will, therefore, disregard the population classification.

Our discussion will be confined to the validity of the land area classification. Its application to Arlington must stand or fall upon the determination of whether or not it is an appropriate classification under the circumstances and conditions shown on the face of the Act.

---

*Newport News* v. *Warwick County*, 191 Va. 591, 61 S. E. (2d) 871.

The Act, as originally proposed in the bill introduced in the House of Delegates, contained only one classification, that based on the population criterion. (H. J. p. 583) It was subsequently amended by adding the classification, "or any county which has an area of less than seventy square miles of high land." (H. J. p. 708) The statute thus provides two separate and distinct classifications, stated in the disjunctive, one based on population and the other on land area.

■ The principles which govern us in considering the constitutionality of a law have been established in a long line of Virginia cases. Courts are reluctant to declare legislative acts unconstitutional, and will do so only when the violation is clear, palpable and practically free from doubt. Every presumption is made in favor of the constitutionality of a statute. A reasonable doubt must be resolved in favor of its validity.

In the recent cases of *Newport News* v. *Elizabeth City County*, 189 Va. 825, 55 S. E. (2d) 56; *Joyner* v. *Centre Motor Co.*, 192 Va. 627, 66 S. E. (2d) 469; *County Board of Supervisors* v. *American Trailer Co.*, decided December 3, 1951, *ante*, p. 72, 68 S. E. (2d) 115, numerous cases were reviewed by this court and the governing principles discussed.

In *Newport News* v. *Elizabeth City County, supra*, at page 841, we said:

"The test of reasonableness of classification is said to be whether it embraces all of the classes to which it relates. The basis of the classification involved must have a direct relation to the purpose of the law, and must present a distinction which renders one class, in truth, distinct or different from another class. The validity of a classification of municipal corporations is not to be ascertained merely by the number affected by an act, but whether the act applies to and embraces all municipal corporations which are in or may come into like situations and circumstances.

\* \* \* \* \* \*

"But the fact that a law applies only to certain territorial districts does not render it unconstitutional, provided it applies to all districts and all persons who are similarly situated, and to all parts of the State where like conditions exist. Laws may be said to apply to a class only, and that class may be in point of fact a small one, provided the classification itself be a reasonable and not an arbitrary one, and the law be made to apply to all of

the persons belonging to the class without distinction." *Ex parte Settle,* 114 Va. 715, 718-9, 77 S. E. 496, 497:

■ "Classification by population," said Kelly, P., "must not be *merely* a circuitous and disingenuous means of designating and legislating for particular localities." The classification must be natural and reasonable and appropriate to the occasion. The court should be able to "fairly say that classification is intended, and not merely designation of a particular locality." *Martin* v. *Commonwealth,* 126 Va. 603, 617, 102 S. E. 77, 724.

"A law is 'special' in a constitutional sense when by force of an inherent limitation it arbitrarily separates some persons, places or things from those upon which, but for such separation, it would operate." 126 Va. at page 610.

"The test of a special law is the appropriateness of its provisions to the objects that it excludes. It is not, therefore, what a law includes that makes it special, but what it excludes." 126 Va. at page 612.

These principles have been approved time after time by this court, the most recent instances being in *Joyner* v. *Centre Motor Co., supra,* and *County Board of Supervisors* v. *American Trailer Co., supra.* As Mr. Justice Miller said in the *Joyner Case, supra*: "We must still, in each instance, determine if the Act makes an 'arbitrary separation' of 'persons, places or things,' for 'whether there has been such an arbitrary separation must in the nature of things depend upon the person and subject of the particular act and the circumstances and conditions surrounding its passage.'" 192 Va. at page 633.

There is nothing on the face of the Act which distinguishes the problems of a 70-square mile county from those of a county containing more than 70. A 200-square mile county similarly situated might have the same problems, if not graver ones. While total population, density of population per square mile, and taxable values may be factors, in determining the time of assessments, there is no reasonable relation between the area of a county and the time of the assessment of its real estate. Real property possesses the same general characteristics whether it be located in a small or a large county. Density of population in suburban communities and rapidly changing real estate values may be found in counties with areas largely exceeding 70 square miles, as well as in counties of less than 70. Mere area does not

determine total population, density of population, per square mile, or taxable values. They are subjects which are largely controlled by other factors—personal, domestic, industrial, geographical, etc.

For instance, the county of Roanoke, 292 square miles in area, and the county of Bedford, 774 square miles in area, respectively, adjoin the cities of Roanoke and Lynchburg, and yet they are excluded from the benefit of the particular Act here involved. Warwick county, with an area of 71.3 square miles, had the same problems before its territory was reduced below 70 square miles. Mathews county has 87 square miles and Augusta county has 990; but aside from the fact that one is small and the other large there is nothing in the land area classification which suggests a reasonable necessity for denying the application of the Act to Mathews and Augusta counties.

The classification as to area ''arbitrarily separates some persons, places or things from those upon which but for such separation it would operate.'' It confers special powers and privileges upon particular localities, to the exclusion of other localities similarly situated. It is a classification for purposes of assessment which does not comprise all the objects which belong to that class. The powers and privileges, or burdens, such as the Act confers are as appropriate to some counties having an area of more than 70 square miles as to those having less, especially as to localities adjoining a populous or growing city. There is, so far as we can see, not such difference in the situation of the subject and time of assessment to make a distinction in area natural and reasonable.

It is urged that the Act is intended and designed to give relief to small and thickly populated counties adjacent to a large city because of their rapid growth and changing real estate values. The answer to this is that the classification complained of is not based on population or proximity to a large city. It is stated that it is much easier to annually assess real property in a small county on a fair basis than to do so in a large county or city. The answer to this suggestion, if true, is that the need for fair reassessment obviously obtains in greater degree in large counties or cities of growing population.

The classification as to area discloses no basis giving rise to some reasonable necessity for a difference in assessing real property in small and large counties where the same conditions

exist. Problems with respect to land assessment arise in large growing communities as well as in small communities. The problems may be more acute in one county than in another; but that is not necessarily so because of the size of the county. The effect of the classification is to grant a special right to a few favored counties and deny the right to others. The few preferred counties are limited to those having less than 70 square miles, regardless of conditions prevailing within the area.

The limitation as to area provides but one guide. The very thing that would make it good for Arlington county would deny it to a larger county. We cannot hold it good merely because Arlington is near a large city, and deny its applicability to a larger county remote from or near a rapidly growing city.

We are of opinion that the land area classification very clearly excludes from the operation of the Act counties in similar situations, to which but for the limitation of area it would apply. It is, therefore, a special or local law forbidden by § 63 (5) of the Constitution, in so far as it undertakes to make the classification based on territorial area.

*Reversed and final judgment.*