## Richmond

### Barnard Joy, E. R. Draheim and Warren Cox v. John Locke Green.

June 8, 1953.

Record No. 4164.

Present, All the Justices.

The opinion states the case.

*Armistead L. Boothe, James H. Simmonds,* for appellants.

*John Locke Green,* for himself.

EGGLESTON, J., delivered the opinion of the court.

This appeal involves the right of the appellants to hold membership on the County School Board of Arlington county.

John Locke Green, hereinafter called the plaintiff, suing as a citizen and taxpayer of Arlington county, filed his bill in the court below against Barnard Joy, E. R. Draheim and Warren Cox, hereinafter called the defendants, seeking to vacate the office of the defendants as members of the County School Board, on the ground that they were employees of the Federal Government and for that reason, under the provisions of Code, § 2-27, disqualified to hold such office. By their demurrer and answer the defendants admitted the allegations of fact but denied their disqualification for the office. The case was submitted upon the pleadings and the stipulation of the parties that at the time of their election and the submission of the cause the defendants were "employees of the Federal government engaged in the departmental service in Washington." The lower court entered a decree vacating the office of the defendants as members of the Board and enjoining the county treasurer, who was made a party defendant, from paying their salaries. From that decree the present appeal has been taken.

Code, § 2-27, reads thus: *"Holding office under United States.*—No person shall be capable of holding any office or post mentioned in the preceding section,[1] who holds any office or post of profit, trust, or emolument, civil or military, legislative, executive, or judicial, under the government of the United States, or who is in the employment of such government, or who receives from it in any way any emolument whatever; and the acceptance of any such office, post, trust, or emolument, or the acceptance of any emolument whatever under such government, shall, ipso facto, vacate any office, or post of profit, trust or emolument under the government of this Commonwealth or under any county, city, or town thereof."

Code, § 2-29, as amended by Acts 1950, ch. 90 p. 101, and Acts

---

[1] Code, § 2-26, deals with the disqualification of a person to hold "any office of honor, profit, or trust, under the Constitution of Virginia," who has fought a duel with a deadly weapon, sent or accepted a challenge to fight, or aided or assisted in any manner in fighting, such a duel. Members of a school board are constitutional officers. Const., § 133.

1952, ch. 120, p. 125, contains fourteen exceptions to section 2-27, and in so far as is here material reads thus:

"*Further exceptions.*—Section 2-27 shall not be construed:

\* \* \* \* \* \*

"(14) To prevent clerks and employees of the Federal government engaged in the departmental service in Washington from acting as school trustees."

Code, § 22-69, provides: "*Certain officers may not act on school board.*—No State or county officer, or any deputy of such officer, and no supervisor shall be chosen or allowed to act as a member of the county school board; *provided that the provisions herein contained, shall not apply to* county superintendents of the poor, commissioners in chancery, commissioners of accounts, registrars of vital statistics, notaries public, *clerks and employees of the federal government in Washington,* or officers and employees of the District of Columbia. In Northumberland county, a justice of the peace or an oyster inspector may be chosen and allowed to act as a member of the county school board. In the county of Lunenburg, a member of the county library board, a member of the board of public welfare, and a justice of the peace may be chosen and allowed to act as a member of the county school board." (Italics supplied.)

The lower court in its written opinion held that paragraph (14) of section 2-29 is in violation of section 64 of the Constitution of Virginia and therefore void and inoperative to permit the defendants to act as members of the County School Board, in that it is a special law which amended or repealed in part the general law as embodied in section 2-27.

The lower court further held that since Code, § 22-69, does not in terms permit officers or employees of the Federal Government to be chosen or allowed to act as members of county school boards, it does not operate to remove the ban against such federal officers and employees embraced in section 2-27.

The defendants make these alternative contentions:

First, they say that the history of Code, § 22-69, shows that it is a general law designed to prescribe the exclusive qualifications for members of county school boards, and that since in terms it does not bar federal officers and employees they are qualified under that section to hold membership on such board, without resorting to section 2-29(14).

Second, they say that even if that position be not sound, section 2-29 (14) is a general and not a special law, is not in violation of section 64 of the Constitution, is operative as an exception to section 2-27, and permits the defendants to hold membership on such board.

Code, § 22-69, has its origin in the Acts of 1869-70, ch. 259, p. 408, which set up the office of district school trustee. Section 16 of that Act provided that, "No supervisor or county treasurer shall be chosen or be allowed to act as district school trustee." This Act was carried into section 1459 of the Code of 1887.

By Acts of 1902-03-04, ch. 509, p. 798, section 1459 was amended to provide that "No federal officer, except a fourth-class postmaster," should be chosen or allowed to act as district school trustee. Certain county and State officers were also excluded.

With certain amendments[2] not here material, section 1459 of the Code of 1887 was carried into the Code of 1919 as section 637.

By Acts of 1922, ch. 423, p. 737, county school boards were instituted. Section 12 of this Act (page 739) provided that, "No federal, State or county officer, or any deputy of such officer and no supervisor shall be chosen or allowed to act as member of the county school board, * * *." Fourth-class postmasters and certain county officers were excluded from the Act.

By Acts of 1928, ch. 499, p. 1295, the section was again amended. The ban against a "federal, State or county officer" was retained; but excluded from the operation of the Act, among others, were "clerks and employees of the federal government engaged in the departmental service in Washington."

With a slight amendment not here material, by Acts of 1930, ch. 360, p. 794, this provision was embodied as section 644-a of the Code.

By Acts of 1940, ch. 180, p. 284, "clerks and employees of the Federal government in Washington, officers and employees of the District of Columbia" were excluded from the ban against a federal, State or county officer.

By Acts of 1942, ch. 94, p. 116, the statute was written in the form in which it is now found in Code, § 22-69. The express ban against a federal officer was removed, but the proviso found in the 1940 Act that it should "not apply to * * * clerks and em-

[2] Acts 1904, ch. 101, pp. 149, 153; Acts 1908, ch. 147, pp. 187, 188.

ployees of the Federal government in Washington, [or] officers and employees of the District of Columbia,'' was retained.

The defendants further point out that section 786 of the Code of 1919 (section 22-92 of the Code of 1950) was amended by Acts of 1920, ch. 84, p. 70, to remove the ban against a federal officer acting as a ''school trustee'' in cities and towns. Thus, they argue, section 22-92 prescribing the qualifications for school trustees in cities and towns, and section 22-69 prescribing the qualifications for members of county school boards, cover the entire field and it is not necessary to look to the provisions of section 2-29(14) for such qualifications.

It is true that section 22-69 is a general law dealing with the qualifications for members of county school boards and that prior to the 1942 amendment it limited the operation of the disqualification of federal officers and employees found in section 2-27. But section 22-69 in its present form does not in terms permit federal officers and employees to hold such office. Its pertinent clause merely removes the ban against a federal officer which was formerly found in the Act. The defendants admit that the retention of the proviso that the Act should ''not apply to * * * clerks and employees of the Federal government in Washington'' was perhaps meaningless, and did not have the purpose and effect of qualifying such employees to sit on the board. Hence, in the absence of language in section 22-69 expressly qualifying such employees, a grave doubt arises as to whether without resorting to the provisions of section 2-29(14), they are not disqualified under the general statute (section 2-27), as the trial court held.

Nor can we agree with defendants' position that section 22-69 prescribes the exclusive qualifications for members of county school boards. We are of opinion that that section does not supersede the provisions of section 2-29(14) with respect to the qualifications of federal employees to sit on county school boards, and that these two sections are complementary and should be read together. A consideration of the language and history of the two sections leads to this conclusion.

In the first place, the language of section 2-29(14) relating to the qualifications of ''school trustees'' is broader and more comprehensive than that in section 22-69 which relates only to *county* school boards.

Next, it will be observed that the prohibition found in the

earlier acts which are the source of section 22-69 was against a federal "officer." It does not necessarily follow that the removal of the ban against a federal officer was intended to remove the ban against "clerks and employees of the Federal government engaged in the departmental service in Washington," who are expressly qualified under the provisions of section 2-29(14). Certainly, it is not clear that such clerks and employees are federal officers within the meaning of these Acts.

Moreover, the provision in section 2-29(14) qualifying "clerks and employees of the Federal government engaged in the departmental service in Washington" to act as "school trustees" was incorporated into the law by Acts of 1928, ch. 440, p. 1125, which was approved March 26, 1928. At the same session of the General Assembly, by Acts of 1928, ch. 499, p. 1295, and approved on the same day, the identical language was incorporated in the Act which is the source of section 22-69, permitting such clerks and employees to be chosen and act as members of county school boards.

It is a settled rule of construction that the fact that two statutes are passed by the same session of the legislature "furnishes strong evidence that they were intended to stand together." *City of South Norfolk* v. *City of Norfolk*, 190 Va. 591, 602, 58 S. E. 2d 32, 37. And yet to sustain the argument of the defendants would require us to disregard this rule and say that in so far as the qualifications of members of county school boards are concerned, the incorporation into the law of the provisions of section 2-29(14) was useless and unnecessary.

This brings us to the question whether section 2-29(14) is a general or special law within the meaning of section 64 of the Constitution. Since its purpose is to limit or amend the general law as embodied in section 2-27, it must, to meet the requirements of that section of the Constitution, be a general and not a special act.

The problem as to whether a particular enactment is a special act and in violation of this provision of the Constitution has frequently been before this court and the controlling principles have been stated many times. Among the more recent cases dealing with the subject are, *City of Newport News* v. *Elizabeth City County,* 189 Va. 825, 55 S. E. 2d 56; *Joyner* v. *Centre Motor Co.,* 192 Va. 627, 66 S. E. 2d 469; *County Board of Supervisors* v. *American Trailer Co.,* 193 Va. 72, 68 S. E. 2d 115; *Green* v.

*County Board,* 193 Va. 284, 68 S. E. 2d 516; *Dean* v. *Paolicelli,* 194 Va. 219, 72 S. E. 2d 506.

"Constitutional prohibitions against special legislation do not prohibit classification. But the classification 'must be natural and reasonable, and appropriate to the occasion.'" *County Board of Supervisors* v. *American Trailer Co., supra,* 193 Va., at pages 78-79, 68 S. E. 2d, at page 120. "* * * Laws may be made to apply to a class only, and that class may be in point of fact a small one, provided the classification itself be a reasonable and not an arbitrary one, and the law be made to apply to all of the persons belonging to the class without distinction." *Ex parte Settle,* 114 Va. 715, 718, 719, 77 S. E. 496, 497.

As was pointed out in *Joyner* v. *Centre Motor Co., supra,* 192 Va., at page 633, 66 S. E. 2d, at page 472, we must in each case determine whether the act makes an "arbitrary separation," and this, in the nature of things, depends upon the "purpose and subject of the particular act and the circumstances and conditions surrounding its passage."

The necessity for and the reasonableness of the classification are primarily questions for the legislature, and "if any state of facts can be reasonably conceived that would sustain it, that state of facts at the time the law was enacted must be assumed." *Martin's Ex'rs* v. *Commonwealth,* 126 Va. 603, 612, 102 S. E. 77. See also, *French* v. *Cumberland Bank & Trust Co.,* 194 Va. 475, 477, 478, 74 S. E. 2d 265, 266.

Tested by these principles we are of opinion that section 2-29(14) meets the requirements of a general act. The purpose of section 2-27 is to prevent a conflict of interest in those who would serve both the Federal and State Governments. In enacting paragraph (14) of section 2-29, the 1928 legislature classified and excepted from section 2-27 a group in which it determined that such conflict would not likely occur. It determined that "clerks and employees of the Federal government engaged in the departmental service in Washington"—that is, a group of employees who hold minor positions with the Federal Government —would be subject to no conflict of interest if at the same time they served as "school trustees" in the counties or cities of the Commonwealth in which they reside.[3]

---

[3] For a similar classification see section 2-29(9) permitting "foremen, quartermen, leading men, artisans, clerks, or laborers employed in any navy yard or naval reservation in Virginia" to hold any office under the government of any city, town, or county in this State, written into the statute by Acts 1901-02, ch. 61, p. 52.

Moreover, the operation of the section is not limited to residents of a particular locality in Virginia, but applies to all residents who may come within the classification and are thus qualified to act as "school trustees" in any county, city, or town in the Commonwealth.

In this respect paragraph (14) of section 2-29 is clearly distinguishable from paragraph (11) of the same section which was held invalid in *Dean* v. *Paolicelli, supra.* There we held that, "Specifically classifying and excluding from its effect government employees who hold public offices in a county 'having a population in excess of three hundred inhabitants per square mile, or of any city or county adjoining any county having a population in excess of two thousand inhabitants per square mile,' are unreasonable, unnatural and arbitrary classifications and exclusions." 194 Va., at page 238, 72 S. E. 2d, at page 518.

The history of these related statutes, sections 22-69 and 2-29(14), shows that the General Assembly has determined that there is no conflict of interest in the service by "clerks and employees of the Federal government engaged in the departmental service in Washington" and their service on county school boards. This determination was evinced by Acts of 1928, ch. 499, p. 1295, out of which the present section 22-69 grew, which specifically permitted such "clerks and employees" to hold membership on county school boards, and by the enactment at the same session (Acts 1928, ch. 440, p. 1125) of what is now paragraph (14) of section 2-29, which expressly exempted such clerks from the ban against federal employees embodied in the general statute (section 2-27), and qualified them to serve as "school trustees."

The presumption is that the classification is reasonable and appropriate and that the statute is constitutional. The classification shows no infirmity on its face and we have been pointed to no valid reason why the legislative determination of its necessity and reasonableness should be upset.

Since it is agreed that the defendants come within the classification outlined in section 2-29(14), we are of opinion that they are entitled to hold the office as members of the Arlington County School Board. Accordingly, the decree appealed from is reversed, the injunction vacated, and a final decree will be here entered dismissing the bill of complaint.

*Reversed and final decree.*