# 𝕾𝖙𝖆𝖚𝖓𝖙𝖔𝖓

MILES SPENCE BRAY v. THE COUNTY BOARD OF ARLINGTON
COUNTY, VIRGINIA, AND ANOTHER.

MILES SPENCE BRAY v. COMMONWEALTH OF VIRGINIA.

September 10, 1953.

Records Nos. 4087, 4088.

Present, All the Justices.

The opinion states the case.

*John Locke Green* and *Miles Spence Bray*, for plaintiff in error, Miles Spence Bray.

*William J. Hassan* and *Peter J. Kostik*, for defendants in error, County Board of Arlington County.

*William J. Hassan* and *Peter J. Kostik*, for defendant in error, the Commonwealth.

BUCHANAN, J., delivered the opinion of the court.

These two cases involve similar constitutional questions, were heard together and will be disposed of by one opinion. No. 4087 is a motion for a declaratory judgment, Code section 8-578, alleging that the Arlington Business Privilege License Ordinance adopted by the County Board of Arlington County on February 2, 1949, is invalid because (1) it does not show what statute is relied on as authority for its adoption, and (2) it is a local and special tax prohibited by section 63(5) of the Constitution of Virginia.

The ordinance provides that every person who engages in the practice of law, or in a long list of other professions and occupations, shall pay for the privilege an annual license tax graduated according to his gross receipts. *Cf. Langston* v. *City of Danville*, 189 Va. 603, 54 S. E. (2d) 101.

The motion alleged that the plaintiff, Miles Spence Bray, an attorney at law, was assessed under this ordinance with a license tax of $10, which he refused to pay, on the grounds stated, thereby becoming subject to the penalties provided by the ordinance if the same is enforced. Therefore he prayed that the ordinance be adjudged to be unconstitutional and invalid.

The defendants, the present appellees, filed an answer denying that the ordinance was unconstitutional and invalid, whereupon the plaintiff moved for a summary judgment. Rule 3:20. All matters of law and fact were submitted to the court for determination. The court held that the ordinance had been validly adopted by the Board, under the authority of section 58-266.2 of the Code as amended; that the population classification in said section was reasonable and did not constitute a local or special law for the assessment or collection of taxes, prohibited by section 63(5) of the Constitution, and did not violate section 64 of the Constitution. The plaintiff assigns as error the holding that section 58-266.2 is constitutional, "in so far as it relates to density of population as applied to Arlington county."

Section 58-266.2 of the Code, amended by Acts 1950, chapter 119, page 155, provides that the governing body of any county having a population of more than 2,000 per square mile, according to the last preceding United States census, and of any county having an area of less than sixty square miles, is authorized to assess and collect county license taxes on businesses, professions, etc., whether any license tax be imposed thereon by the State or not, except that no county license tax shall be levied in any case in which the levying of a local license tax is prohibited by any general law, or upon the right to operate a radio or television station or service.

We do not find it necessary to pass upon the constitutional validity of that section because the ordinance in question was legal and valid at the time of the assessment of which the plaintiff complains, under another section of the Code which was before this court in *Gandy* v. *Elizabeth*

*City County* (1942) 179 Va. 340, 19 S. E. (2d) 97, and there held to be constitutional so far as its provisions here pertinent are concerned.

Under consideration in that case was an ordinance of the Board of Supervisors of Elizabeth City county imposing a business license tax, enacted in December, 1939. At that time chapter 69 of Acts 1932, page 60, as amended by chapter 55 of Acts 1938, page 107, was in effect, giving to the boards of supervisors of counties:—(1) adjoining and abutting any city, within or without this State, having a population of 125,000 or more; (2) adjoining any county which adjoins and abuts any such city and has a density of population of 500 or more to the square mile; or (3) having a density of population of 475 or more to the square mile,—the same powers and authority as then or thereafter vested in the councils of cities and towns by virtue of the Constitution of Virginia or the Acts of the General Assembly then or thereafter passed in pursuance thereof; with other provisions not necessary now to recite. It was held:

"This act applies not only to Elizabeth City county but to all other counties which measure up to its requirements. It is a general law and must be read in connection with other cognate general statutes. * * ." 179 Va. at p. 345, 19 S. E. (2d) at p. 99.[1]

The 1932 and 1938 acts provided that all laws enacted by the boards of supervisors under authority thereof must be approved by the judge of the circuit court of the respective counties, after hearing evidence showing the necessity therefor. The *Gandy* case held that that provision rendered the statute unconstitutional as delegating legislative power to the judge. By Acts 1942, chapter 389, page 624, that provi-

---

[1] Obviously an error was made in the opinion in the *Gandy* case in copying the statute being dealt with. The opinion refers to the 1932 act as being section 2743b of the Code. That Code section, Michie's Code, 1942, included the 1938 amendment, making the statute applicable to counties having a population of 475 or more to the square mile. However, the 1932 act mistakenly was copied into the opinion instead of the applicable 1938 act. Until the 1938 amendment the 1932 act did not apply to Elizabeth City county.

sion was eliminated from the statute. By Acts 1946, chapter 46, page 66, the statute was made to apply also to counties having within their boundaries a United States Marine Corps Base; and, lastly, it was amended by Acts 1950, chapter 100, page 113, which carried an emergency clause and was approved March 4, 1950.

The original 1932 act as changed by these various amendments is now section 15-10 of the 1950 Code (1952 Cum. Supp.). The concluding paragraph thereof, added by the emergency act of March 4, 1950, *supra*, provides:

"All laws or ordinances heretofore enacted by the board of supervisors under authority of this section shall be deemed to have been validly enacted, unless some provision of the Constitution of Virginia or the Constitution of the United States has been violated in such enactment."

Section 65 of the Constitution provides:

"The General Assembly may, by general laws, confer upon the boards of supervisors of counties, and the councils of cities and towns, such powers of local and special legislation as it may, from time to time, deem expedient, not inconsistent with the limitations contained in this Constitution."

Chapter 7 of Title 58 of the Code provides for State revenue licenses on businesses, professions and other occupations, including, in section 58-371 in that chapter, attorneys at law. Section 58-266.1 in that chapter (amended by Acts 1950, chapter 119, page 155, not here material) provides that in addition to the State tax on any license "as hereinbefore and hereafter provided for in this chapter," the council of a city or town may, when anything for which a license is so required to be done therein, impose a tax for the privilege of·doing the same and require a license to be obtained therefor.

Section 15-10 of the Code, as we have seen, confers upon boards of supervisors of certain counties the same powers and authority as are given to the councils of cities and

towns.[2]   Sub-section 3 thereof gives this power and authority to counties with a population of 475 or more per square mile.   That includes Arlington county, which has a population of more than 5,600 per square mile.   It also included Elizabeth City county and Warwick county before they became cities.   It includes all other counties which measure up to its requirements.

"A law is general though it may immediately affect a small number of persons, places or things, provided, under named conditions and circumstances, it operates alike on all who measure up to its requirements."   *Gandy* v. *Elizabeth City County, supra,* 179 Va. at p. 344, 19 S. E. (2d) at p. 99.

In *Ex parte Settle,* 114 Va. 715, 77 S. E. 496, the act under review provided that in all counties having a population greater than 300 per square mile the judge of the circuit court should appoint a trial justice.   It was attacked on the ground that it was special legislation, applying only to the county of Alexandria.   It was held that that fact did not render the act unconstitutional, because it represented a reasonable and not an arbitrary classification, in that the county of Alexandria was faced with conditions not unlike those within a city, and its needs were quite different from those of a sparsely settled community.

"A law is 'special' in a constitutional sense when by force of an inherent limitation it arbitrarily separates some

---

[2] Arlington county, *so it was stated in argument, adopted the county* manager plan of government, under Article 3, Chapter 12, Title 15 of the Code.   The county board, therefore, possesses the powers described in section 15-356 of the Code, including all of the powers and duties authorized or imposed by general law or special act on the board of supervisors, so far as not inconsistent with the provisions of Articles 3 and 4 of said chapter, "and shall have all the powers conferred by general law on city councils."

In *Smith* v. *Kelley,* 162 Va. 645, 174 S. E. 842, it was held that the quoted phrase did not give the county board of Arlington the same authority to fill vacancies in its body as the General Assembly had given to city councils.   Legislative history and judicial interpretation, it was there said, negatived such a purpose.   The reasoning to the conclusion in that case is not applicable to this and that decision is not controlling here.

persons, places or things from those upon which, but for such separation, it would operate." "The test of a special law is the appropriateness of its provisions to the objects that it excludes. It is not, therefore, what a law includes that makes it special, but what it excludes. If nothing be excluded that should be contained, the law is general." These definitions taken from *Budd* v. *Hancock*, 66 N. J. Law 133, 48 A. 1023, were approved in *Martin's Ex'rs* v. *Commonwealth*, 126 Va. 603, 610, 612, 102 S. E. 77, 79, 80, and have served as a guide in many subsequent cases. *Quesinberry* v. *Hull*, 159 Va. 270, 165 S. E. 382; *Newport News* v. *Elizabeth City County*, 189 Va. 825, 55 S. E. (2d) 56; *Joyner* v. *Centre Motor Co.*, 192 Va. 627, 66 S. E. (2d) 469; *County Board of Supervisors* v. *American Trailer Co.*, 193 Va. 72, 68 S. E. (2d) 115; *Green* v. *County Board*, 193 Va. 284, 68 S. E. (2d) 516.

The necessity for and the reasonableness of a classification are primarily questions for the legislature. If any state of facts can be reasonably conceived to sustain it, that state of facts at the time the law was enacted must be assumed. *Martin's Ex'rs* v. *Commonwealth, supra*, 126 Va. at pp. 612-13, 102 S. E. at p. 80; *Joy et al.* v. *Green*, 194 Va. 1003, 1009, 76 S. E. (2d) 178, 182.

It is not too difficult to discover a reasonable basis for classifying counties having a population of 475 or more per square mile as a group suitable to exercise the powers and authority given to cities and towns. Such counties, as was said of the county of Alexandria in *Ex parte Settle, supra,* may be confronted with problems similar to those arising in towns and cities, and different from those existing in counties of much less population density, as most of the counties of the State are. Greater population density may well be accompanied by more extensive and intricate governmental problems and services, entailing more expense and requiring additional sources of revenue. We cannot say that counties of the population density designated by section 15-10(3) are not distinguished by characteristics sufficiently marked and important to put them in a class to themselves

for the purposes of that section; nor that such classification is not germane to the objects and purposes of the law. It does not appear that the classification made by this subsection of the statute is arbitrary and without any reasonable basis, nor that it excludes from its operation counties to which it should with equal logic apply.

" * * * Laws may be made to apply to a class only, and that class may be in point of fact a small one, provided the classification itself be a reasonable and not an arbitrary one, and the law be made to apply to all of the persons belonging to the class without distinction." *Ex parte Settle, supra,* 114 Va. at p. 718, 77 S. E. at p. 497; *Joy et al.* v. *Green, supra,* 194 Va. at p. 1009, 76 S. E. (2d) at p. 182.

Tested by the principles so established in this State to distinguish between a general and a special or local law, section 15-10(3) of the Code is a general law, authorized by section 65 of the Constitution and furnishing legal basis and authority for the ordinance under which the license tax complained of in this case, No. 4087, was assessed.

The order appealed from is modified in the respect above indicated, and as modified will be affirmed and a final order entered here dismissing the plaintiff's motion.

■ No. 4088 brings in question the validity of the Arlington Motor Vehicle License Ordinance adopted by the County Board at the same time as the Business Privilege License Ordinance. The motor vehicle ordinance, so far as we are here concerned, imposed a license tax and required license plates on motor vehicles for the privilege of operating or using them on the streets and highways of the county, and provided penalties for violation of its requirements.

Miles Spence Bray, the plaintiff in error, who was also the plaintiff in No. 4087, was charged with having violated this ordinance on April 16, 1952, and was convicted and fined. He appealed to the circuit court and there defended solely on the ground that the ordinance was invalid, in that it was local and special legislation prohibited by section 63(5) and section 64 of the Constitution. All matters of

law and fact were submitted to the court, and after hearing the evidence the court held that the ordinance had been validly adopted by the Board, pursuant to section 46-64 of the Code as amended; that the population classification set forth in that statute was reasonable and hence the statute was not a local or special law for the assessment or collection of taxes prohibited by section 63(5) of the Constitution. The only assignment of error is to that holding.

Section 46-64 of the Code of 1950 provided that towns and cities "and counties having a population in excess of two thousand inhabitants a square mile according to the last preceding United States census," may levy and assess taxes and charge license fees and taxes upon vehicles, with exceptions not here material, but the amount of the license fees and taxes shall not be greater than the amount of license tax imposed by the State on vehicles of like class.

This statute is the codification of part of section 35-e, Acts 1942, chapter 377 at page 587, as amended by Acts 1948, chapter 413, page 816, which inserted into the statute the phrase shown in quotation marks above, making it applicable to counties of over 2,000 inhabitants per square mile.[3]

As in No. 4087 above, it is not necessary to decide whether the extension of section 46-64 made by the 1948 act so as to include counties having a population in excess of 2,000 per square mile is a general or special law. It is at least a severable provision of the statute. 17 Mich. Jur., Statutes, § 28, p. 270. Its omission from the statute would leave the grant to all incorporated cities and towns of power to levy and assess taxes and charge license fees and taxes upon vehicles, as a general law authorized by section 65

---

[3] Secton 46-64 was further amended by Acts 1950, chapter 168, page 240; and again by Acts 1952, chapter 169, page 180, neither of which amendments is here material. The 1952 amendment made the act applicable to "counties operating under the county manager form of government as provided in Articles 3 and 4 of Chapter 11 of Title 15." As above noted, Arlington county operates under the county manager *plan* pursuant to Article 3 of Chapter 12 of Title 15.

of the Constitution. By another statute, section 15-10(3), which we have held above to be a general law, the boards of supervisors of counties having a density of population of 475 or more to the square mile of highland, are vested with the same powers and authority as the councils of cities and towns.[4] Arlington is one of such counties, as stated above. Code § 15-356, *supra*, note 2.

The County Board of Arlington, therefore, had the legal right to adopt the ordinance imposing the license tax and requiring the license plates about which the plaintiff in error complains. That being the only question raised against his conviction, the judgment of conviction is affirmed on the grounds herein stated. The order of conviction will be modified to conform to the reasons herein given and as modified will be affirmed.

*No. 4087 modified and affirmed.*

*No. 4088 modified and affirmed.*

---

[4] As section 15-10 appeared in the 1950 Code it contained a proviso that nothing in the section should be construed to give boards of supervisors any power to control or supervise signs, signals, markings and traffic lights on State roads "or to give the boards of supervisors power to levy license taxes." The quoted phrase was inserted by the 1942 amendment, *supra*; retained in the 1946 amendment, *supra*, but removed by the 1950 amendment, Acts 1950, chapter 100, page 113.