195 Va. 562 (1954)
O. H. KILGOUR, JR., AND ANOTHER
v.
COUNTY BOARD OF SUPERVISORS OF HENRICO COUNTY, VIRGINIA, ET AL.
Record No. 4188.
Supreme Court of Virginia.
January 25, 1954.
Byrne & Moore, for the appellants.
E. W. Hening, Jr., and George E. Haw, for the appellees.
Present, All the Justices.
An ordinance of Henrico county imposing a license tax on motor vehicles is valid under the provisions of Code 1950, section 15-10(1). This statute gives the County Board of Supervisors the same powers and authority as are possessed by the councils of cities and towns, including the power conferred by Code 1950, section 46-64, to impose license taxes on motor vehicles.
Appeal from a decree of the Circuit Court of Henrico county. Hon. Harold F. Snead, judge presiding. The opinion states the case.
BUCHANAN
BUCHANAN, J., delivered the opinion of the court.
This suit was instituted by the appellants under | 8-578 of the Code to have declared invalid an ordinance of Henrico county adopted March 12, 1952, imposing a license tax on motor vehicles operated on the roads and streets of the county by residents of the county. *563 
For its authority to enact the ordinance and impose the tax the County Board of Supervisors relied on | 15-10 of the Code, as well as on | 46-64 as amended by Acts 1952, chapter 169, page 180, and on Acts 1952, chapter 364, page 660, codified as | 58-851.3 of the Code, 1952 Cumulative Supplement.
Appellants do not challenge the constitutionality of | 15-10, but assert that it does not confer on the County Board the authority to levy license taxes on motor vehicles; and they contend that | 46-64 and | 58-851.3, which do confer such authority, are unconstitutional because local or special laws prohibited by | 63(5) and | 65 of the Constitution of Virginia.
By the decree appealed from the trial court held that the County Board had authority to adopt said ordinance under | 15-10 of the Code, and further that | 46-64 and | 58-851.3, giving like authority, were general laws and not violative of | 63(5) or | 65 of the Constitution. The assignments of error are to those holdings.
Section 15-10 of the Code as amended provides that the boards of supervisors of any counties: -- (1) adjoining any city having a population of 125,000 or more; or (2) adjoining any county which adjoins any such city and has a population of 500 or more to the square mile; or (3) having a population of 475 or more to the square mile of highland; or (4) having within their boundaries any United States Marine Corps Base, -- shall have the same powers and authority as the councils of cities and towns by virtue of the Constitution of Virginia or the Acts of the General Assembly passed in pursuance thereof. The other provisions of the section are not here pertinent.
By Acts 1952, chapter 222, page 301, codified as | 15-10.1:1, 1952 Cumulative Supplement, this provision was added:
"All ordinances adopted prior to June 28, 1952, by any county authorized to adopt the same under | 15-10 as amended of the Code of Virginia, are hereby ratified, *564 validated and confirmed notwithstanding noncompliance with any technical requirement of such section."
In Gandy Elizabeth City County, 179 Va. 340, 19 S.E.(2d) 97, we held that | 15-10, sub-sections (1) and (2), was a general law.
In Bray County Board of Arlington County and Bray Commonwealth, heard together, 195 Va. 31, 77 S.E.(2d) 479, we held that sub-section (3) of | 15-10 was likewise a general law, authorized by | 65 of the Constitution and that it furnished legal basis and authority not only for the Arlington Business Privilege License Ordinance, but also for the Arlington Motor Vehicle License Ordinance, which were there challenged as being unconstitutional and invalid.
The stipulation of facts in the present case shows, among other things, that Henrico county surrounds the city of Richmond on three sides and adjacent to the city is urban in nature; that its present estimated population is 70,000; that it operates its own road system and receives its proportion of the gasoline tax under the Byrd Road Act; that its budget for the fiscal year ended June 30, 1953, was $4,959,885, including $657,905 for road construction and maintenance.
The population of the city of Richmond as ascertained by the 1950 census was 230,310. Consequently, Henrico county falls within the classification of | 15-10(1) of the Code as being a county adjoining a city having a population of 125,000 or more and by that section, held to be a general law in the Gandy case, it is given the same powers and authority as the councils of cities and towns, including the power and authority given to cities and towns under | 46-64 of the Code to impose license taxes on motor vehicles, as held in the Bray cases.
The present case is controlled by the principles stated in the Bray cases. That was in effect conceded at the hearing of this case, at which we were asked to reverse our decision in the Bray cases. However, we consider the *565 views therein expressed to be sound and now adhere to and reaffirm the holding in those cases. Therefore, the decree of the trial court is now affirmed to the extent that it holds that the County Board of Supervisors of Henrico county had power and authority under | 15-10 of the Code, as amended, to adopt the ordinance here in question, being Ordinance No. 77, approved March 12, 1952, levying a license tax on motor vehicles, and that said ordinance is valid.
The conclusion so reached makes it unnecessary to consider the constitutionality of the provisions of | 46-64, as amended, and of Chapter 364, Acts 1952, page 660 (Code | 58-851.3, 1952 Cumulative Supplement), which give to counties operating under the County Manager form of government, as Henrico county does, the power to impose license fees and taxes on vehicles, which appellants contend are special laws. We express no opinion as to the constitutional validity of those provisions.
Affirmed in part.