## Richmond

COUNTY BOARD OF ARLINGTON COUNTY, VIRGINIA v. KENT STORES OF WASHINGTON, INCORPORATED.

March 7, 1955.

Record No. 4312.

Present, All the Justices.

The opinion states the case.

*William J. Hassan, David L. Carpenter* and *Peter J. Kostik,* for the appellant.

*John Locke Green* and *Miles Spence Bray,* for the appellee.

MILLER, J., delivered the opinion of the court.

Kent Stores of Washington, Incorporated, is engaged in the laundry and dry cleaning business in Washington, D. C. It maintains its plant in that city, but it also serves patrons in Arlington county, Virginia. To do this it operates pick-up and delivery stores or stations in that county at which soiled articles are left by the customers to whom receipts are issued. These articles are transported by the corporation's trucks to Washington, there processed and then brought back to the stations in Arlington. Upon presentation of receipts at the stations and payment of the processing charges, the customers obtain their cleaned or laundered articles.

Under section 78 of its Business Privilege License Ordinance,[1] Arlington county imposed a license tax for each pick-up and delivery store thus maintained and operated in Arlington county.

Kent Stores ascertained that section 78 was invalid because it contravened the Commerce Clause of the Constitution of the United States, Article 1, section 8, which empowers Congress to regulate commerce among the states. It filed this action under § 58-1145, Code of 1950, to correct the alleged erroneous assessment of taxes imposed under section 78 and to recover taxes paid. The underlying purpose was to test the validity of section 78, for it was charged

---

[1] Sec. 78. Every person, (other than a laundry or dry cleaning establishment located in the County of Arlington) engaged in soliciting and/or accepting clothing, rugs, or other fabrics to be cleaned, laundered, dyed or pressed for compensation, and/or delivering clothing, rugs or other fabrics which have been cleaned, laundered, dyed or pressed for compensation where said person does the actual laundry or dry cleaning work outside the County of Arlington or has any part of the dry cleaning, laundry or finishing work done outside the County of Arlington, shall pay $300.00 per annum for one outlet (any office, store or vehicle) and $200.00 for each additional outlet per annum, not prorated.

that assessment of the license taxes against the corporation for operating pick-up and delivery stations in Arlington county was an undue burden upon interstate commerce.

From final orders of January 25, 1954, and February 15, 1954, awarding the relief prayed for and directing refund of license taxes in the sum of $1,850 theretofore paid, the County Board appealed. Before the Board's petition for an appeal was filed in this court, the treasurer of Arlington county, who was not a party to the cause, was cited by the trial court and required to make refund of the $1,850 to Kent Stores. No objection was made to this irregular procedure, and the $1,850 was refunded by the treasurer to the corporation. Thus, by this appeal the County Board seeks reversal of the trial court's final order, and judgment against Kent Stores for the $1,850 refunded to it.

On October 27, 1954, and after award of writ of error, counsel for Kent Stores filed in this court a written suggestion of bankruptcy and motion for dismissal of the appeal, a copy of which was served upon the County Board. He claims that the refund of the $1,850 to Kent Stores and that corporation's bankruptcy would render any judgment or order that we might enter against the now bankrupt corporation of no avail, and thus he says the proceeding is moot and should be abated.

Though the suggestion of bankruptcy was made in this court more than four months ago and this cause was argued on its merits on January 18, 1955, as yet no motion for a stay of this proceeding or to substitute the trustee in bankruptcy in the place of the alleged bankrupt corporation has been made by either appellant or appellee.

Rule of Court 3:17 provides for substitution by the trial court of parties where a litigant becomes incapable of prosecuting or defending a cause, but Rule of Court 3:1 expressly excludes an action for refund of taxes from the influence of the Rules of Court. Thus, in this action for correction of assessment and refund of taxes we will not undertake to determine if a suggestion of bankruptcy of a

party litigant is cause for substitution under Rule 3:17 if made at an appropriate stage of the cause and in an action subject to the Rules of Court.

As the Rules of Court are not applicable to this proceeding, we must resort to § 8-148, Code of 1950, to determine whether or not under the facts presented, this appeal should be dismissed or this cause abated in this court. That section reads as follows:

"If the marriage of a female plaintiff or defendant be not suggested to the trial court before judgment, or if at any time after verdict or judgment in the trial court, *whether during the pendency of an appeal, writ of error or supersedeas, or before the appeal, writ of error or supersedeas is granted,* the death or marriage of a party, *or other fact which might otherwise be relied on in abatement occurs,* and such marriage, death or other fact be suggested or relied on in abatement in the Supreme Court of Appeals, the court may, in its discretion, take or retain jurisdiction and enter judgment or decree in the case as if such marriage, death or other fact had not occurred."

Does the mere suggestion in this court that appellee, Kent Stores, is bankrupt require or justify the dismissal of the appeal?

A somewhat similar situation was presented in *Heckscher* v. *Blanton,* 111 Va. 648, 69 S. E. 1045, where, upon a rehearing, motion to dismiss because of the bankruptcy of an appellee was made. In denying the motion, Judge Buchanan said:

"The trustee was not made, and did not become, a party to the suit, either in the trial court or in this court. Blanton was made one of the appellees in this court and process served upon him. Under the Bankrupt Act of 1898, the trustee has the right to intervene and become a party to a suit prosecuted by or against a bankrupt at the time of his adjudication, but he is not bound to do so. Upon the failure of the trustee to apply to be substituted in place of the bankrupt, or to become a party to the suit, it seems that

it may be prosecuted or defended by the bankrupt, whether the result of the litigation enures to his own benefit or the benefit of his creditors; and the trustee, although he does not become a party to the suit, will be bound by the judgment or decree entered in the cause." At page 661, citing cases.

"Bankruptcy proceedings do not, merely by virtue of their maintenance, terminate an action already pending in a nonbankruptcy court, to which the bankrupt is a party. A suit once instituted is not defeated merely by reason of the fact that the plaintiff has become a bankrupt." 6 Am. Jur., Bankruptcy, § 873, p. 1069. 8 C. J. S., Bankruptcy, §§ 489, 490, pp. 1360, 1363; 6 Am. Jur., Bankruptcy, § 874, p. 1070.

The provisions of the present Bankruptcy Act (as amended June 22, 1938, c. 575, § 11, 52 Stat. 849; July 7, 1952, c. 579, § 5, 66 Stat. 422; 11 U. S. C. A. § 29, 1954 Cum. Supp.) having to do with the rights and powers of a receiver or trustee to prosecute a suit commenced by or against a bankrupt prior to adjudication of bankruptcy are substantially the same as those embodied in the Bankruptcy Act of 1898 (Act of July 1, 1898, c. 541, § 11, 30 Stat. 549). Both acts provide for a stay by the Bankruptcy Court, if desired, of the pending cause if the claim against the bankrupt is dischargeable in bankruptcy and authorize the Bankruptcy Court to order the trustee or receiver to enter an appearance and prosecute or defend the cause.

Here no certificate of bankruptcy of Kent Stores was presented with the written suggestion and motion to dismiss, nor has any other proof of bankruptcy been offered. Neither appellant nor appellee has taken any steps to have the trustee in bankruptcy substituted in place of the alleged bankrupt corporation, nor has either party sought a stay of this proceeding. In the exercise of the discretion vested in us by § 8-148, *supra,* we conclude that the facts and circumstances appearing in this record do not justify the dismissal of this appeal.

For the reasons stated in *County Board of Arlington*

*County* v. *Arcade-Sunshine Company, et al.*, 196 Va. 916, this day decided, we hold that the imposition of the privilege license taxes against Kent Stores for the operation of its pick-up and delivery stores or stations did not constitute a burden upon interstate commerce. The order and judgment of the trial court directing refund of the $1,850 will be reversed and a judgment entered here for that sum in favor of the County Board of Arlington county against Kent Stores of Washington, Incorporated, which, if collected, shall be remitted by the Board to the county treasurer.

*Reversed and final judgment.*