# Richmond

## Manhattan Company of Virginia, Inc. v. County Board of Arlington County, Virginia.

March 5, 1956.

Record No. 4474.

Present, All the Justices.

The opinion states the case.

*Green, Trueax & Smoot*, for the plaintiff in error.

*William J. Hassan* and *David L. Carpenter*, for the defendant in error.

MILLER, J., delivered the opinion of the court.

Manhattan Company of Virginia, Inc., a corporation chartered under the laws of Virginia, filed its petition against the County Board of Arlington County for correction of alleged illegal assessment of taxes imposed under Section 78 of the Arlington County Business Privilege License ordinance. It sought refund of taxes for the year 1951 in the sum of $850 and for 1952 in the sum of $1,050, theretofore paid under protest.

From an order and judgment denying relief, petitioner appealed.

Section 78,[1] as it read in 1951 and 1952 when these taxes were imposed, follows:

"78. NON-RESIDENT LAUNDRIES AND DRY CLEANERS:

"Every person (other than a laundry or dry cleaning establishment located in the County of Arlington paying dry cleaning or laundry tax in the county of Arlington) engaged in soliciting and/or accepting clothing, rugs, or other fabrics to be cleaned, laundered, dyed or pressed for compensation, and/or delivering clothing, rugs or other fabrics which have been cleaned, laundered, dyed or pressed for compensation where said person does the actual laundry or dry cleaning work outside the County of Arlington or has any part of the dry cleaning, laundry or finishing work done outside the County of Arlington, shall pay $300.00 per annum for one outlet (any office, store or vehicle) and $200.00 for each additional outlet per annum, not prorated."

Under Section 65[2] of the Business Privilege License ordinance a gross receipts tax is imposed upon laundries and dry cleaning establishments conducted in Arlington county.

Petitioner is not taxed under Section 65 for it does not conduct a dry cleaning or laundering business in Arlington county. Its

---

[1] Assessment of taxes under Section 78, as amended in 1952, was challenged in the recent cases of *County Board* v. *Arcade-Sunshine Co.*, 196 Va. 916, 86 S. E. (2d) 162, and *County Board* v. *Kent Stores*, 196 Va. 929, 86 S. E. (2d) 44, but there the caption of the ordinance was not involved and was not printed.

[2] "65. BUSINESS SERVICE OCCUPATIONS.

"Every person conducting or engaging in any of the following business service occupations, businesses or trades, shall pay for the privilege an annual license tax of $0.18 for each $100 of gross receipts, as hereinabove defined, from the occupation during the preceding fiscal or calendar year; the minimum annual license tax shall be $25.00.

      *        *        *        *        *        *

"A laundering, cleaning, pressing or dyeing establishment * * *."

cleaning and laundering establishment is maintained and operated in Washington, District of Columbia, but it serves patrons residing in Arlington county.

It maintains an outlet, store or depot as described in Section 78 at 2330 Columbia Pike, Arlington, Virginia. It also operates several pick-up and delivery trucks (vehicles) which are garaged at the store or depot and operate from that point throughout the county. Soiled articles are collected in the county by the trucks and transported to the store at 2330 Columbia Pike where they are unloaded. The articles so assembled are then reloaded upon a shuttle truck and taken to the plant in Washington where they are cleaned and laundered and then brought back on the shuttle truck to the store and there unloaded. After the cleaned and laundered articles have been sorted at the store, they are delivered to the customers in Arlington by the pick-up and delivery trucks.

The taxes complained of were assessed upon the privilege of operating the store and pick-up trucks, which operations constitute distinct incidents of local activity. *County Board* v. *Arcade-Sunshine Co.*, 196 Va. 916, 86 S. E. (2d) 162. No taxes were assessed for operation of the shuttle truck to and from Arlington and Washington, and no claim is made that the tax is a burden on interstate commerce.

Petitioner contends that because it is chartered under the laws of Virginia, it is not a "non-resident" launderer or dry cleaner within the meaning of Section 78. If Section 78 be held to include petitioner, then it asserts that Sections 65 and 78 bring about an arbitrary and discriminatory classification for taxation purposes and constitute special legislation violative of section 63(5)[3] of the Constitution of Virginia. Petitioner also contends that by this arbitrary classification, it is deprived of its property without due process of law in violation of Section 11 of the Constitution of Virginia.

In view of the definition of a non-resident launderer and dry cleaner contained in Section 78, is petitioner included under the terms of that section?

"Laws imposing a license or a tax are strictly construed, and

---

3 "     *     *     *     *     *     *     *

"The General Assembly shall not enact any local, special or private law in the following cases:

     *     *     *     *     *     *     *

"5. For the assessment and collection of taxes, * * * ."

whenever there is doubt as to the meaning or scope of such laws, they are construed more strongly against the government and in favor of the citizen." *Brown* v. *Commonwealth*, 98 Va. 366, 370, 36 S. E. 485.

"It is universally recognized that where there is any substantial doubt as to whether or not a particular business is included within the descriptive or designating language of a legislative enactment imposing a license tax, that doubt must be decided in favor of the taxpayer. * * * " *Estes* v. *City of Richmond*, 193 Va. 181, 189, 68 S. E. (2d) 109.

Though the title of Section 78 is "Non-Resident Laundries and Dry Cleaners," yet the body of the section expressly states and makes it abundantly clear that it is intended to be applicable to launderers and dry cleaners that collect articles in Arlington county to be cleaned or laundered in their establishments that are operated outside of the county.

The caption phrase, "Non-Resident Laundries and Dry Cleaners," is clearly defined in the section, and we find no merit in the contention that the title of this section excludes petitioner and limits the scope of the ordinance so that it applies solely to corporations chartered other than in Virginia and individuals resident beyond the borders of Virginia. Clearly petitioner is a non-resident launderer and dry cleaner within the intent of the ordinance and its local activities bring it within the taxing scope of the section.

It is not denied that the County Board was empowered to enact a Business Privilege License ordinance and impose license taxes for engaging in businesses, occupations and professions within the County of Arlington. *Bray* v. *County Board of Arlington*, 195 Va. 31, 37, 77 S. E. (2d) 479.

Under Section 65 a gross receipts tax is imposed upon launderers and dry cleaners operating their plants in Arlington county but no receipts tax is imposed upon petitioner because it does not operate a plant in Arlington.

Though petitioner, with its plant in Washington, and the local launderers and dry cleaners with plants in Arlington perform the same ultimate service, yet the location of their respective plants and the mode and means of collecting, depositing and delivery of the soiled articles to their establishments are different and constitute ample grounds for classification by the taxing authority.

"The necessity for and the reasonableness of a classification are

primarily questions for the legislature. If any state of facts can be reasonably conceived to sustain it, that state of facts at the time the law was enacted must be assumed." *Bray* v. *County Board of Arlington, supra,* at page 37.

"We have seen that courts are extremely reluctant to declare laws unconstitutional; that classifications are to be sustained whenever there is any fair basis for them; that equality in taxation, particularly where licenses are concerned, is a dream unrealized, and that differences in methods may be in itself a basis for classification. * * *" *Richmond Linen Co.* v. *Lynchburg,* 160 Va. 644, 649, 169 S. E. 554.

In *Vaughan* v. *City of Richmond,* 165 Va. 145, 181 S. E. 372, the taxpayer was convicted for refusal to pay license taxes imposed under an ordinance quite similar to the one now under consideration. The section under which the license taxes were imposed follows:

"(c) Any person, firm, or corporation engaged in the laundry business whose principal office or place of business is located outside of the city of Richmond, and who solicits laundry business in the city of Richmond, $150.00, and in addition thereto there shall be paid a license tax of $75.00 for each vehicle so used. The whole license tax assessed in this subsection shall be paid in one sum at the time the license is issued and the same shall not be pro-rated or transferred."

Another section of the ordinance made refusal to pay the license tax a misdemeanor.

The facts as recited in the opinion show that Vaughan had no plant or place of business in the city of Richmond, but operated a steam laundry in the town of Ashland, Virginia. He employed several trucks and drivers to solicit laundry business in Richmond and bring the soiled articles to his plant in Ashland where they were laundered. After being laundered, the articles were collected by the drivers and transported back to Richmond where they were delivered to the customers. Vaughan paid the license tax of $150.00 required by the ordinance but declined to pay the license tax of $75.00 assessed for each vehicle used in soliciting laundry in Richmond. He contended that the ordinance was void because it fixed an unreasonable and arbitrary classification between laundries operating plants in the city of Richmond and those operating beyond the corporate limits. He also asserted that it denied him equal protection of the law and violated the Fourteenth Amendment of the Constitution of the United States, and section 11 of the Constitution

of Virginia, which latter section provides "that no person shall be deprived of his property without due process of law * * *."

The ordinance was held to be free from constitutional infirmity and the conviction sustained.

We find no material difference between the ordinance now challenged and the one held to be non-discriminatory and valid in the Vaughan case, and the judgment complained of is

*Affirmed.*