SAVOY, Judge.
This is an action in tort arising from a three-car rear end accident which occurred in the City of Lafayette, Louisiana, on September 6, 1962, the demand being for medical and other expenses, loss of wages and pain and suffering brought by Joseph Breaux and his wife, Avia Ledger Breaux, resulting from injuries received by her in the collision.
Mrs. Breaux was a guest passenger in the leading automobile which was driven by Mrs. Laurice V. Moreau, Sr.; the car following the Moreau car was driven by John Y. Boutin; the third car, following the Boutin car, was driven by Albert Mal-veaux.
Plaintiffs sued Laurice V. Moreau as head and master of the community of ac-quets and gains existing between him and Mrs. Moreau; John Y. Boutin and his insurer, State Farm Mutual Automobile Insurance Company; and Albert Malveaux, who was uninsured.
The Breauxs allege joint, concurrent and contributing negligence on the part of all defendants by virtue of sudden stopping and/or unreasonable speed under the circumstances and/or failure to see and do what could have and should have been done and/or failure to keep their vehicles under proper control, inter alia.
Defendants, Moreau and Malveaux, filed answers denying liability, and John Y. Bou-tin and his insurer, in addition to their general denial, specially pled contributory negligence.
The trial court dismissed the Breauxs’ suit as to defendants Moreau and Boutin, and his insurer, and rendered judgment in favor of Mr. Breaux in the sum of $1,135.-63, and Mrs. Breaux for pain and suffering in the sum of $3,500.00 with interest from date of demand until paid, and all costs of court, against Albert Malveaux.
Plaintiffs appeal the judgment of the lower court insofar as it dismissed their suit as to Moreau, Boutin and State Farm.
The plaintiffs contend the lower court erred in the following particulars:
1. Failing to find Mrs. Moreau negligent and Mr. Moreau liable as they failed to rebut the presumption against them; and
2. In failing to find John Y. Boutin negligent and liable by not rebutting the presumptions against him; in failing to find that Boutin negligently struck the Moreau car; or alternatively that he stopped too close to the Moreau car and otherwise failed to avoid striking the Moreau car, all of which concurred in and contributed towards the accident.
In this Court Albert Malveaux filed a pleading labeled “Peremptory Exceptions in Behalf of Albert Malveaux, Defendant” setting forth that he was adjudicated a bankrupt on February 8, 1965; that in view of this fact, appellants’ appeal states no cause or right of action against him since the judgment in the instant case could not be executed against him in view of said adjudication in bankruptcy.
The facts in this case show that Mrs. Avia Ledger Breaux, wife of Joseph Breaux, other plaintiff in this case, was riding as a guest passenger in a vehicle driven by Mrs. Laurice V. Moreau, Sr.; that the Moreau vehicle came to a stop at a red light; that a short distance behind her *170 was a car driven by John Y. Boutin; and a third car following the Boutin vehicle was being driven by Albert Malveaux. The evidence also reflects that Malveaux apparently was not paying attention in front of him as he was driving, and as a result of this, his car struck the Boutin vehicle, which in turn struck the Moreau vehicle. The evidence also reflects that at the time of the accident the Boutin vehicle was stopped. We can see no act of negligence on his part.
Counsel for plaintiffs contends in oral argument and in brief that Boutin could have avoided striking the Moreau vehicle by pulling out of his lane of traffic; however, there is no evidence in the record to show whether it was feasible for Boutin to do so.
We agree with the finding of the trial judge that the sole proximate cause of the accident was the negligence of Albert Malveaux. There is no showing that the brakes of the Boutin car were defective as alleged in plaintiff’s petition; nor that the Boutin vehicle was not stopped at the time of the accident; and it is not shown that it was feasible for Boutin to get out of his lane of traffic.
Albert Malveaux filed exceptions in this Court to the effect that the district court and this Court no longer have jurisdiction over the judgment against him for the reason that he was adjudicated a bankrupt in the Federal Court on February 8, 1965; also, that the appeal does not state a cause or right of action against him. A suit pending against the bankrupt is not defeated by his bankruptcy, and bankruptcy proceedings do not terminate an action previously instituted against the bankrupt. Pinsonat v. Skinner (La.App., 3 Cir., 1960), 125 So.2d 216, 217; 8A C.J.S. Bankruptcy § 490 ; 9 Am.Jur.2d “Bankruptcy”, Section 878; County Board of Arlington County v. Kent Stores, 196 Va. 929, 86 S.E.2d 44. Cf. also, 11 U.S.C.A. § 29; Pocahontas Graphite Co. v. Minerals Separation N. A. Corp., 215 Ala. 225, 109 So. 873. If and when plaintiffs attempt to execute on the judgment, the defendant, Malveaux, at that time can protect himself from any actions taken by plaintiffs. See League Central Credit Union v. Warman (La.App., 4 Cir., 1962), 143 So.2d 241. See 8B C.J.S. Bankruptcy § 563.
For the reasons assigned, the judgment of the district court is affirmed at appellants’ costs.
Affirmed.