# Richmond

STANLEY B. HANES AND THE TOWN OF HERNDON, VIRGINIA
v. TRACY N. FOX.

June 21, 1954.

Record No. 4210.

Present, All the Justices.

The opinion states the case.

*Hardee Chambliss, Jr.,* for the appellants.

*Marshall A. Martin, Jr.,* for the appellee.

WHITTLE, J., delivered the opinion of the court.

Appellee, Tracy N. Fox, was arrested on November 2, 1952, on a warrant issued by Stanley B. Hanes, Police Justice of the Town of Herndon. Fox filed a petition in the Circuit Court of Fairfax County challenging the validity of the

warrant on the ground that Hanes, as an employee of the United States, was disqualified to hold the office of Police Justice. He alleged: "The Town of Herndon has employed the said Stanley B. Hanes as the Judge of the Police Court of the Town of Herndon, Virginia, contrary to Sec. 2-27, 1950 Code."

Appellants, Hanes and the Town of Herndon, filed their answer to the petition, admitting that Hanes was an employee of the United States, but they averred that his position with the federal government was that of "clerk" within the meaning of paragraph (10) of section 2-29, Virginia Code, 1950, which placed him in a class excepted from the operation of § 2-27. In addition to their answer they filed a written motion seeking a judgment declaratory of the right of Hanes to exercise the duties of his office as Police Justice.

Code, § 2-27, reads thus: *"Holding Office under United States.*—No person shall be capable of holding any office or post [of honor, profit, or trust, under the Constitution of Virginia] who holds any office or post of profit, trust, or emolument, civil or military, legislative, executive, or judicial, under the government of the United States, or who is in the employment of such government, * * *."

Code, § 2-29, as amended by Acts of 1950, chapter 90, page 101, and Acts of 1952, chapter 120, page 125, contains fourteen exceptions to § 2-27, and in so far as is here material, reads thus:

*"Further Exceptions.*—Section 2-27 shall not be construed:

    *      *      *      *      *      *      *

"(10) To prevent any United States government clerk from holding any office under the government of any town or city."

The lower court held: "* * * (T)he Court although being of the opinion that the respondent Stanley B. Hanes is a 'clerk' within the meaning of the language of paragraph numbered (10) of Section 2-29, Virginia Code, but being

further of the opinion that said paragraph numbered (10) of said section 2-29 is special or class legislation and hence unconstitutional; it is therefore

"ADJUDGED and ORDERED that the provisions of paragraph (10), Section 2-29, Virginia Code, be and the same hereby are declared to be an unconstitutional and arbitrary classification and that the exception thereby created to Section 2-27 of the Virginia Code, is void and of no effect; * * *".

The effect of the ruling was to oust Hanes as Police Justice of the Town of Herndon, and upon petition of Hanes and the Town we granted this appeal.

For the reasons expressed by Justice Eggleston in *Joy, Draheim and Cox* v. *Green,* 194 Va. 1003, 76 S. E. (2d) 178, in which we held constitutional the fourteenth exception contained in § 2-29, *supra,* permitting federal clerks to serve as school trustees, we now hold the tenth exception here involved to be constitutional and therefore reverse the order of the lower court holding to the contrary. A final decree will be here entered dismissing the petition of appellee.

*Reversed and final judgment.*