## Staunton.

### PRISON ASSOCIATION OF VIRGINIA v. ASHBY.

#### OCTOBER 5, 1896.

1. CONSTITUTIONAL LAW—*Title of Act—Prison Association—Habeas Corpus.*—The Act of the General Assembly approved February 27, 1896, entitled "An act in relation to commitment of minors to Prison Association of Virginia, and their custody," (Acts 1895–'6, p. 521) is not in conflict with Art. V., Sec. 15 of the Constitution of Virginia, but is a valid and constitutional law. Sec. 3 of the act which gives the Circuit Court of the city of Richmond exclusive jurisdiction of all *habeas corpus* and other proceedings to test the right of the Association to retain custody of minors committed, surrendered, or received into its custody, is not broader than the title of the act, nor is it such an abridgment of the right to sue out the writ of *habeas corpus* as to render that section of the act unconstitutional.

2. CONSTITUTIONAL LAW—*Requisites for Title of Act.*—Although an act authorizes things of a diverse nature to be done, the title will be sufficient if the things authorized may be fairly regarded as in furtherance of the object expressed in the title. All that is required by the constitutional provision is that the subjects embraced in the act, but not specified in the title, be congruous, and have a natural connection with, or be germane to, the subject expressed in the title.

3. CONSTITUTIONAL LAW.—*Legislative Powers of Legislature.*—The Legislature of the State has plenary legislative power, except where it is restricted by the Constitution of the State, or of the United States, and the courts have no power to declare its acts invalid merely because they regard the legislation unwise or vicious.

4. COURT OF APPEALS—*How Original Jurisdiction is Conferred.*—The section of the Constitution which provides that the Supreme Court of Appeals shall have appellate jurisdiction only, except in cases of *habeas corpus, mandamus,* and prohibition does not *proprio vigore*, confer jurisdiction on it. The exception simply invests the court with capacity to receive original jurisdiction in that class of cases in the event the Legislature shall see fit to confer it, but it does not of itself confer the jurisdiction.

Error to a judgment of the judge of the County Court of Washington county, rendered in the vacation of said court on July 26, 1896, on a writ of *habeas corpus* awarded in favor of the defendant in error against the plaintiff in error.

*Reversed.*

William Ashby is a child seven years old. While his father and mother were both in jail on criminal charges, of which they were subsequently acquitted, William was arrested, tried, and convicted by a justice of the peace for the larceny of an axe. He was sentenced to the Prison Association of Virginia for an indefinite period, which, according to law, may be until he is twenty-one years of age, but cannot be longer. He was without the advice of counsel at his trial, and was without assistance, save from a man he called "uncle." This uncle had William examined on his trial, and he testified "that he saw the axe behind the house, and did not think it was of much account and took it." The justice did not caution the boy that his statement might bind him and render him liable to punishment.

The petitioner sued out a writ of *habeas corpus* before the judge of the County Court of Washington county, and, upon the hearing, the judge ordered his discharge. From this order the Prison Association applied to the judge of the Circuit Court of Washington county for a writ of error, but it was refused. Thereupon a writ of error was, on the application of said Association, awarded by one of the judges of this court.

*J. Randolph Tucker, Jr.,* for the plaintiff in error.

*Jno. J. Stuart,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

A number of interesting and important questions were raised and discussed in this case, but, in the view we take of it, the only question that it is necessary for us to decide is the constitutionality of an act of the General Assembly approved February 27, 1896.

The first objection to the validity of section 3 of the act is that the title of the act gives no intimation of the legislation contained in that section, and that it is therefore void, because not passed in conformity to section 15, Article V. of the Constitution.

The act is entitled "An act in relation to commitment of minors to Prison Association of Virginia, and their custody." It contains four sections.

The first section provides that no person shall be committed to, or detained in the Prison Association after he has reached the age of twenty-one years.

The second section provides under what circumstances minors may be committed to the Association, and how and at whose expense, they shall be conveyed to it.

Section three provides that "Jurisdiction of all *habeas corpus* and other proceedings to test the right of said Prison Association of Virginia to retain custody of such minors as shall be committed, or surrendered, or received into its custody shall be exclusively in the Circuit Court of Richmond."

The fourth section repeals all acts, or parts of acts, inconsistent with the act. Acts of 1895–6, pp. 521–2.

The rule or principle established by this court for determining whether the title of an act is sufficiently comprehensive to embrace the various provisions which are contained in it, under the requirement of section 15, Article V. of the Constitution is this: That, although the act or statute authorizes things of a diverse nature to be done, the title will be sufficient if the things authorized may be fairly regarded

as in furtherance of the object expressed in the title. All that is required by the constitutional provision is that the subjects embraced in the statute, but not specified in the title, be congruous, and have a natural connection with, or be germane to, the subject expressed in the title. *Iverson Brown's Case*, 91 Va. 762, 771–2, and cases cited; *Ingles* v. *Straus*, 91 Va. 209.

The provision in the act declaring what court shall have jurisdiction to determine whether or not the minors committed to and held by the Prison Association are lawfully in its custody, has a natural connection with, and is germane to, the subject expressed in the title.

The title of the act is, in our opinion, sufficiently broad to cover all of its provisions.

It is also contended that taking away the jurisdiction of all the courts of the Commonwealth, except that of the Circuit Court of the city of Richmond, to award writs of *habeas corpus* in cases where parties are alleged to be unlawfully detained in custody by the Prison Association and compelling parents or guardians to travel " hundreds of miles to that court to sue out and prosecute this great universal writ," is such an abridgment of the right as to render sec. 3 of that act unconstitutional.

In determining the constitutionality of a statute the courts have nothing to do with the question whether or not the legislation contained in its provisions is wise and proper. The only question they have to deal with is one of power. The Legislature of the State has plenary legislative power except where it is restricted by the Constitution of the State, or of the United States.

If the statute, validity of which is attacked, is not in conflict with the State or Federal Constitution, the courts have no power to declare it invalid, however well satisfied they may be that it is unwise or vicious legislation.

There is no provision in the Constitution which prohibits

the Legislature from conferring exclusive jurisdiction upon the Circuit Court of the city of Richmond to award writs of *habeas corpus* in cases where the party for whose benefit the writ is awarded is detained in the custody of the Prison Association.

It is also claimed that this court has conferred upon it, by the Constitution, original jurisdiction to hear cases of *habeas corpus*, and that sec. 3 of the act in question is unconstitutional because it attempts to deprive this court of that jurisdiction.

If it were true that the Constitution conferred upon this court original jurisdiction in cases of *habeas corpus*, it by no means follows that the act, so far as it deprives other courts of their jurisdiction over such cases, would be invalid.

Section 2 of Article VI. of the Constitution providing that this court shall have appellate jurisdiction only, except in cases of *habeas corpus*, *mandamus* and *prohibition* does not, *proprio vigore*, confer jurisdiction upon it.

The Constitution does not prescribe any case in which the appellate powers of this court shall be exercised, nor declare that it shall exercise original jurisdiction in all cases of *habeas corpus*, *mandamus*, and *prohibition*. The exception as to original jurisdiction in cases of *mandamus*, *habeas corpus* and *prohibition* invests the court with capacity to receive original jurisdiction in those cases in the event the Legislature shall see fit to confer it, but it does not of itself confer the jurisdiction.

This question was fully considered by this court in the case of *Barnett* v. *Meredith, Judge*, 10 Gratt. 650, and the conclusion reached, which has since been followed, that whatever jurisdiction this court exercises must be by virtue of some statute enacted in conformity to the Constitution. *Page* v. *Clopton*, 30 Gratt. at page 417; *Gresham* v. *Ewell*, 84 Va. 784; *Price* v. *Smith*, decided at the April term of this court, *ante*, p. 14.

We are of opinion that the act is not unconstitutional, and that the County Court of Washington county had no jurisdiction of the case.

The judgment complained of must be reversed, the writ quashed, and the case dismissed.

*Reversed.*