## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

### Ex Parte Settle.

March 13, 1913.

1. HABEAS CORPUS—*Sufficiency of Writ—How Tested.*—The accepted mode of determining the sufficiency of a writ of *habeas corpus* is a motion to quash the writ, rather than a demurrer.

2. CONSTITUTIONAL LAW—*Applicable to Limited Territory or Class.*— The fact that a law applies only to certain territorial districts does not render it unconstitutional, provided it applies to all districts and all persons who are similarly situated, and to all parts of the State where like conditions exist. Laws may be made to apply to a class only, and that class may be, in point of fact, a small one, provided the classification be reasonable and not arbitrary, and the law be made to apply to all of the persons belonging to the class without distinction. The number of inhabitants of a county is a basis for a valid classification. The needs of a thickly settled community, especially where that community lies adjacent to a large city, are quite different from those existing in a sparsely settled neighborhood.

3. CONSTITUTIONAL LAW—*Presumption of Validity—Power of Legislature.*—Every presumption is made in favor of the constitutionality of an act of the legislature. A reasonable doubt as to its constitutionality must be solved in favor of the validity of the law. Courts have nothing to do with the wisdom of legislation, as the legislature has plenary power, except so far as restrained by the Constitution of the State, or of the United States, and it is only where the statute is plainly repugnant to the Constitution that the courts can declare it null and void.

4. CONSTITUTIONAL LAW—*Statutes—Repeals by Implication.*—Repeals by implication are not abolished by the Constitution. While such repeals are not favored, yet if there be an irreconcilable conflict between legislative acts, the most recent will prevail.

5. CONSTITUTIONAL LAW—*Courts—Trial Justices—Justice of Peace.*— The act of 1912, providing for the appointment of trial justices in certain counties and conferring upon them jurisdiction similar to that exercised by police justices in cities, is not in contravention of section 87 of the Constitution declaring that "the judiciary department shall consist of a Supreme Court of Appeals,.

circuit courts, city courts, or such other courts as are herein-after authorized." Every provision of the Constitution must be looked to, and section 108 of the Constitution declaring that "The General Assembly shall provide for the appointment or election, and for the jurisdiction, of such justices of the peace as the public interest may require" is sufficiently broad to com-prehend the act providing for the appointment of trial justices.

6. OFFICERS—*Title to Office—Habeas Corpus.*—The proceeding by *habeas corpus* is a proper method, under the practice in this State, to test the title to office, where the statute under which the pro-ceedings are inaugurated is claimed to be unconstitutional.

7. COURTS—JURISDICTION.—The question of jurisdiction of the case is involved in every case presented to a court, whether expressly raised or not.

Upon an original writ of *Habeas Corpus.*

*Dismissed.*

. The opinion states the case.

*Finney & Ball,* for the petitioner.

*Samuel W. Williams, Attorney-General,* for the Com-monwealth.

KEITH, P., delivered the opinion of the court.

The General Assembly of Virginia passed an act, which is found in chapter 347 of the Acts of 1912, which pro-vides that "in all counties in this tSate having a popula-tion greater than three hundred inhabitants per square mile, as shown by United States census, there shall be ap-pointed by the judge of the circuit court for such counties, upon the passage of this bill, and each two years thereafter, a trial justice for such counties, if in his discretion he deem it necessary, who shall be a practicing attorney resi-dent in said county. The said trial justices to be appointed

upon the passage of this bill shall serve until and including the thirty-first day of December, nineteen hundred and fifteen." That "the said trial justices shall have concurrent jurisdiction with justices of the peace in all civil cases, and from the decision of said trial justices the same right of appeal shall lie to the circuit court of such counties as now lies from said justices of the peace." That "the said trial justices shall have in criminal cases the same jurisdiction for their respective counties as is now, or may hereafter be, vested by general laws in the police justices of cities, but nothing in this act shall be construed to interfere with or abridge the rights of justices of the peace to issue, and to receive their fees therefor, warrants and subpoenas in criminal cases, which said warrants and subpoenas shall be returnable before said trial justices for action thereon. The justices of the peace in all counties affected by this act shall, upon the appointment and qualification of said trial justices, make returnable before said trial justices all processes issued by them in criminal cases, and said trial justices are required to sit at the county seats of their respective counties for the hearing of all cases which may be brought before them." The act then provides for the compensation of the trial justice, and that the clerk of the court shall serve as his clerk, and shall receive for his services the same fees as are now or may hereafter be provided by law for similar services rendered to the circuit court for such county; and that all controversies involving twenty dollars or over may be removed to the circuit court, as in other cases before justices of the peace.

In obedience to this act, R. Gordon Finney was appointed trial justice for the county of Alexandria, Virginia, and imposed a fine upon W. B. Settle, an attorney practicing before him, who in the course of his defense of a prisoner before the civil justice denied that the said R. Gordon Finney was an official of said county and State,

and committed Settle to the custody of the jailor of Alexandria county, to be held by him until the fine was paid. Thereupon Settle applied to this court for a writ of *habeas corpus ad subjudicidum,* which was awarded.

In order not to put the parties to unnecessary expense, the sheriff of Alexandria county was not required to bring the body of William B. Settle before the court, and the case was argued before us as upon a motion to quash the writ, which seems to be the accepted mode of determining its sufficiency rather than by demurrer.

The sole question to be determined is as to the constitutionality of the act authorizing the appointment of a trial justice of the county of Alexandria. It is insisted on behalf of the petitioner that the act is unconstitutional because it is special or class legislation prohibited by section 63 of the Constitution of this State, in that it applies only to the county of Alexandria; that it is repugnant to section 52 of the Constitution, which provides, among other things, that "no law shall be revived or amended with reference to its title, but the act revived or the section amended shall be re-enacted and published at length"; and third, that it is repugnant to section 87 of the Constitution, which provides that "The Judiciary Department shall consist of a Supreme Court of Appeals, circuit courts, city courts, and such other courts as are hereinafter authorized."

It is true that the act applies only to the county of Alexandria, that being the only county in the State which has a population of three hundred or more to the square mile. But the fact that a law applies only to certain territorial districts does not render it unconstitutional, provided it applies to all districts and all persons who are similarly situated, and to all parts of the State where like conditions exist. Laws may be made to apply to a class only, and that class may be in point of fact a small one, provided the

classification itself be a reasonable and not an arbitrary one, and the law be made to apply to all of the persons belonging to the class without distinction.

The act under consideration is an effort on the part of the legislature to promote the prompt, efficient and economical administration of justice. We may take judicial notice of the fact that the county of Alexandria, with a population of more than three hundred to the square mile, lying in the immediate vicinity of a great city and in immediate proximity to the city of Alexandria, presents conditions not dissimilar to those existing within the cities of the State, where express provision is made for the appointment of police justices with jurisdiction similar to that conferred by the act under consideration. The needs of a thickly settled community, especially where that community lies adjacent to a large city, are quite different from those existing in a sparsely settled neighborhood. There must be some means by which the law may be so efficiently and promptly administered as to restrain the idle and lawless overflow from the city, and afford protection to the industrious and law-abiding citizens.

The principles by which this court is governed in considering the constitutionality of a law have been too frequently the subject of judicial decision to require the citation of authority. Every presumption is made in favor of the constitutionality of an act of the legislature. A reasonable doubt as to its constitutionality must be solved in favor of the validity of the law, and the courts have nothing to do with the question whether or not the legislation is wise and proper, as the legislature has plenary power, except where the Constitution of the State, or of the United States, forbids, and it is only in cases where the statute in question is plainly repugnant to some provision of the Constitution that the courts can declare it to be null and void.

In *State* v. *Condon,* 108 Tenn. 82, 65 S. W. 871, it was declared that "The number of inhabitants of a county is a basis for a valid classification." *See also Creekmore* v. *Com'th* (Court of Appeals of Ky.), 12 S. W. 328; *Scott* v. *Wilson,* 3 N. H. 321; *State* v. *Frazier,* 36 Ore. 178, 59 Pac. 5.

In the last cited case an act provided that certain fees should be paid by litigants in counties of the designated class, but it applied to all litigants who had occasion to invoke the aid of the courts in such counties, and was, therefore, not obnoxious to the constitutional provision.

See also *Prison Association* v. *Ashby,* 93 Va. 667, 25 S. E. 893.

The act is not in contravention of section 52 of the Constitution. It does not revive or amend an act with reference to its title, but is an independent and original act of legislation, and if it amends or repeals any existing law, does so only by implication; and it will hardly be contended that the Constitution sweeps out of existence the doctrine of repeal by implication. It is true that courts do not favor such repeals, but if there be an irreconcilable conflict between legislative acts, the most recent expression of legislative will must prevail.

Nor do we think that the act in question offends against that provision of the Constitution which declares that "the judiciary department shall consist of a Supreme Court of Appeals, circuit courts, city courts, or such other courts as are hereinafter authorized." If it stood alone, it might seem to support the position for which it is cited; but every provision of the Constitution must be looked to, and when we come to section 108 we find that it is expressly declared that "the General Assembly shall provide for the appointment or election, and for the jurisdiction, of such justices of the peace as the public interest may require." The act under consideration creates no new

office. It provides for the appointment of a trial justice and confers upon him such jurisdiction as the legislature thought proper. Section 108 clothes the General Assembly with a wide discretion which it would be difficult, if not impossible, for the courts to control, even though they might be of opinion that the discretion was unwisely exercised. But that aspect of the case need not be here considered, for we are of opinion that in the effort to give the people of the county of Alexandria the protection and benefit of prompt, efficient and economical administration of justice, adapted to the needs of their situation, the legislature was moved by a wise and beneficient purpose.

Finally, it is claimed that the proceeding by *habeas corpus* is not a proper mode to test the title to office.

However this may be elsewhere, it is firmly established as the proper procedure in this State.

In *Ex parte Meredith,* 33 Gratt. (74 Va.) 119, 36 Am. Rep. 771, Judge Staples states the case as follows: "The real controversy, which is of an amicable nature, is between Honorable John C. Weedon on the one hand, and Honorable C. G. Howison on the other, each claiming to be the judge of the county court of Prince William. The former was elected in the month of March, 1878, to fill a vacancy occasioned by the death of Judge Nicol. The latter was elected at the last session of the legislature. The sole question to be decided is whether Judge Weedon was elected and is entitled to hold for the full constitutional period of six years, or for the remainder of Judge Nicol's unexpired term. This question involves the official tenure of one of the judges of this court, two or more judges of the circuit court, and several judges of the county court, and is otherwise of considerable importance and interest in the administration of justice." The case involved the construction of the Constitution and the constitutionality of a joint resolution passed by the General Assembly on

46

the 18th of December, 1872. No question, it is true, was raised as to jurisdiction, but as we have often said, the question of jurisdiction is involved in every case that is presented to a court. The Supreme Court assumed jurisdiction of that case upon a writ of *habeas corpus,* and determined the title to the office.

In *Ex parte Rollins,* 80 Va. 314, it is said that "the remedy for mere errors in proceedings of courts of competent jurisdiction is by writ of error or appeal, and not by writ of *habeas corpus*"; but "where the proceedings, whether civil or criminal, under which a party is detained in custody are void, as where the court has no jurisdiction, or where the statute under which the proceedings are inaugurated is unconstitutional, the same are reviewable on *habeas corpus,* and the party may be discharged." *Ex parte Meredith, supra,* was cited and approved. The question of jurisdiction is fully discussed and a great many authorities considered in the opinion of Judge Lewis in *Ex parte Rollins,* and it may be considered to have finally established the law upon the subject in this State.

Upon the whole case we are of opinion that the act under which the trial justice was appointed was a valid exercise of legislative power, and that as a consequence the writ of *habeas corpus* should be dismissed.

*Dismissed.*