STATE *ex rel.* HENRY CEPHAS

*v.*

OTTO C. BOLES, *Warden,*
WEST VIRGINIA PENITENTIARY

(No. 12419)

Submitted April 27, 1965.     Decided June 1, 1965.

538

*Robert B. Sayre,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

CAPLAN, JUDGE:

This is an original habeas corpus proceeding instituted in this Court in January, 1965. The petitioner, Henry Cephas, who is presently confined in the state penitentiary under a life sentence imposed upon him by the Criminal Court of Raleigh County, seeks a writ to require the defendant, Otto C. Boles, Warden of the West Virginia Penitentiary, to release him from such confinement.

On January 25, 1965, this Court awarded a writ returnable February 23, 1965, at which time this proceeding was continued to April 27, 1965. Upon the latter date this matter was heard and submitted for decision upon the petition and its exhibits, the demurrer and return, with its exhibits, filed by the defendant, and upon the written briefs and oral arguments in behalf of the respective parties. Counsel was appointed by this Court to represent the petitioner in this proceeding.

Henry Cephas was indicted by the grand jury of Raleigh County during the October term, 1941, of the criminal court thereof, for the crime of statutory rape. Upon arraignment, he entered a plea of not guilty. Thereafter the petitioner was afforded a jury trial, at the conclusion of which he was found guilty and was sentenced to life imprisonment.

In this proceeding the petitioner contends that his constitutional rights have been violated and that the sentence under which he is presently confined is therefore void. Specifically, he charges that he was not afforded the assistance of counsel in his trial in Raleigh County and that the prison

authorities did not permit him to pursue an appeal from his conviction.

An examination of the exhibits filed with the defendant's Return clearly reveals that the allegation of the petitioner that he was denied the assistance of counsel is entirely false and furnishes no basis for meritorious consideration here. After numerous petitions of this petitioner were refused by this Court, he filed a like petition in the United States District Court for the Northern District of West Virginia. In that proceeding the judge of said court afforded the petitioner a full and complete hearing. Therein it was unequivocally proved that the petitioner, at his trial in Raleigh County, not only employed counsel but that the court appointed another attorney to assist in his defense. The petition was denied, the judge in his memorandum opinion, filed as an exhibit in this case, saying: "At the conclusion of the hearing, this court was convinced, and now finds, that the petitioner's allegations in his petition and in his testimony are false, and that no credence can be given thereto."

A decision of the United States District Court, in a prior habeas corpus proceeding instituted by this petitioner, wherein the identical question was presented for consideration, is final and conclusive in this proceeding by virtue of the doctrine of res judicata. *State ex rel. Beckett* v. *Boles,* 149 W. Va. 112, 138 S. E. 2d 851. This doctrine precludes a reconsideration or redetermination of the same matters in a subsequent habeas corpus proceeding. It having been fully determined in the case before the United States District Court that the petitioner was afforded the assistance of counsel in his trial in Raleigh County, the relief prayed for on this ground in this proceeding is refused.

The petitioner's further allegation that he was not permitted to prosecute his appeal while in the penitentiary is, in the state of the present record, wholly without merit. The petitioner does not recite any date on which he attempted to apply for an appeal. Having been convicted in the Criminal Court of Raleigh County, it was incumbent upon the petitioner, if he desired to appeal such conviction,

to have applied therefor in the circuit court of said county within four months from the date of the judgment. Code, 1931, 58-4-4. The petition makes no allegation that he applied or attempted to apply for an appeal during this allowable period. Furthermore, he offers nothing which would indicate that he had any grounds for appeal. While he does assert that the transcript of his trial would indicate that he was not afforded the assistance of counsel, this allegation, as indicated above, has been proved to be totally false.

The petitioner alleges that from 1941 to 1957 he was not allowed by the prison authorities to file a petition for appeal or to obtain a transcript of his trial. While this Court can not take judicial notice of the procedures of the warden's office at the penitentiary, we can and do take judicial notice of our own records. Many petitions were filed in this Court by inmates of the penitentiary during that period of time and all were considered. This fact and the petitioner's failure to offer any evidence to support his claim emphasize the frivolous nature thereof.

In view of the foregoing the relief prayed for is refused and the petitioner is remanded to the custody of the defendant.

*Prisoner remanded.*