## Richmond

### CHESTER ALBERT HAWKS v. JAMES D. COX, SUPERINTENDENT OF THE VIRGINIA STATE PENITENTIARY.

June 15, 1970.

Record No. 7428.

Present, All the Justices.

*James D. Davis*, for petitioner.

*Gerald L. Baliles, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for respondent.

COCHRAN, J., delivered the opinion of the court.

Petitioner, Chester Albert Hawks, was convicted of murder in the first degree in the Circuit Court of Carroll County on January 6, 1959. He was sentenced to life imprisonment in the State Penitentiary, where he is now confined. No appeal was taken but Hawks has been busily engaged in filing habeas corpus petitions in state and federal courts challenging his detention.

Hawks filed his present petition for a writ of habeas corpus *in forma pauperis* in this court on June 30, 1969. The usual order was entered requiring respondent, James D. Cox, to show cause why the writ should not issue. Respondent, declining to affirm or deny

the allegations of the petition, moved the court to appoint counsel, require briefs and advance the cause on the docket to consider the question whether petitioner should be permitted to continue *in forma pauperis* to present allegations which have been the subject of previous adverse judicial rulings. We granted this motion.

In his petition Hawks alleges that his 1959 conviction was improper for the following reasons:

(1) He was denied the right to appeal.

(2) He did not intelligently and understandingly waive trial by jury.

(3) He was denied a pre-trial mental examination and a pre-sentence report.

(4) His conviction was secured by the use of inadmissible evidence.

(5) His indictment was illegal, null and void.

Each of these allegations has been previously asserted by Hawks and rejected by more than one court of competent jurisdiction. By stipulation the record contains a chronological list of habeas corpus proceedings initiated by Hawks. It is impressive evidence that the Great Writ, as the writ of habeas corpus has been known through the centuries, is now subject to serious abuse as a post-conviction remedy.

Twice the United States Supreme Court denied certiorari to judgments of this court refusing to grant writs of error on petitions presented by Hawks in habeas corpus proceedings. *Hawks* v. *Virginia*, 364 U. S. 839, 81 S. Ct. 76, 5 L. Ed. 2d 63 (1960); *Hawks* v. *Cunningham*, 372 U. S. 921, 83 S. Ct. 736, 9 L. Ed. 2d 726 (1963).

Although the allegation of mental incompetence at the time of trial had been decided against him in both state and federal courts, Hawks reasserted this ground in another petition, filed in 1963 in the United States District Court for the Eastern District of Virginia. After a plenary hearing his conviction was reversed, but this judgment in turn was reversed by the United States Court of Appeals. *Hawks* v. *Peyton*, 370 F. 2d 123 (4th Cir. 1966). A petition for rehearing was refused, after which the United States Supreme Court denied certiorari. *Hawks* v. *Peyton*, 387 U. S. 925, 87 S. Ct. 2044, 18 L. Ed. 2d 982 (1967).

All other allegations of the present petition were rejected by state courts and by the United States District Court for the Western

District of Virginia. *Hawks* v. *Peyton*, 288 F. Supp. 94 (W. D. of Va. 1968). Hawks' last effort failed in the Circuit Court of Carroll County in June, 1969.

██ Respondent, in his motion, asked us to consider the following questions:

> "a. If the time has not arrived to reconsider the Court-made concept that in habeas corpus proceedings the doctrine of res judicata does not apply.
>
> "b. If Petitioner should be permitted to proceed *in forma pauperis*—and use an *in forma pauperis* declaration—as a means of entry at will into the courts of this Commonwealth to present his complaints, all of which have been the subject of previous adverse judicial rulings.
>
> "c. If the status of petitioner as a felon confers upon him an inalienable right to periodic review of his allegations."

Hawks contends that we should not consider the motion because it does not deny the allegations set forth in his petition. Respondent's position is that he should not be required to deny allegations which other courts have repeatedly ruled to be groundless, as shown in the "Chronology of Litigation", attached to his motion. We will treat his motion as a motion to dismiss. *See Ex Parte Settle*, 114 Va. 715, 718, 77 S. E. 496, 497 (1913).

Respondent, while not urging that we so hold, suggests that Code § 8-605 modifies the common law rule that the principle of res judicata does not apply to habeas corpus proceedings. He asks that this statute be construed as a rule of conclusiveness to prohibit frivolous use of habeas corpus petitions so that Hawks, and others like him, shall be denied the right to litigate endlessly, at state expense, issues which have been previously resolved.

Code § 8-605, applying solely to habeas corpus judgments, reads as follows:

> "*Judgment conclusive.*—Any such judgment entered of record shall be conclusive, unless the same be reversed, except that the petitioner shall not be precluded from bringing the same matter in question in an action for false imprisonment."

The statute in its present language has been in effect since 1849. Prior to that year Chapter 120 of the Revised Code of 1819 dealt with habeas corpus and included this provision:

"9. The judgment so entered of record shall be conclusive, until reversed in the manner herein provided for; and no person remanded by such judgment, whilst the same continue in force, shall be at liberty to obtain another *habeas corpus*, for the same cause, or, by any other proceeding, to bring the same matter again in question, except by writ of error or by action of false imprisonment; . . . ." Revised Code of 1819, Vol. 1, p. 470.

Thus, since 1849 the statute has been worded less restrictively than before.

The West Virginia statute, in identical language with § 8-605, has been construed as changing the common law rule by making an order in a habeas corpus proceeding remanding a petitioner to custody res judicata and conclusive on a subsequent application. *State ex rel. Presty v. Lowe*, 103 W. Va. 264, 137 S. E. 219 (1927). West Virginia also applies the principle of res judicata where the previous adjudication has been made by a federal court. *State. ex rel. Beckett v. Boles*, 149 W. Va. 112, 138 S. E. 2d 851, 857 (1964); *State ex rel. Cephas v. Boles*, 149 W. Va. 537, 142 S. E. 2d 463 (1965).

While our statute has not been directly construed, there are several cases which must be reviewed in considering it.

In *Stonebreaker v. Smyth*, 163 F. 2d 498 (4th Cir. 1947), the petitioner had unsuccessfully sought release through habeas corpus proceedings in the Virginia courts. Thereafter, United States Supreme Court decisions were handed down which, by broadening his constitutional rights under the Fourteenth Amendment, changed the law applicable to his case. He filed a petition in the United States District Court which was denied. On appeal the judgment was affirmed because petitioner had not exhausted his state remedies. The opinion by Chief Judge Parker stated at p. 501:

"The former proceeding in the state court will not preclude the filing of a petition now, since the principle of res judicata is no more applicable to habeas corpus proceedings in the courts of Virginia than in the federal courts; . . . ."

Petitioner, having been invited to file his petition in a state court, promptly did so with success. *Stonebreaker v. Smyth*, 187 Va. 250, 46 S. E. 2d 406 (1948). In the opinion by Chief Justice Hudgins, 187 Va., at p. 253, 46 S. E. 2d at p. 408, reference was made to the

action of the United States Court of Appeals in refusing relief because petitioner had not exhausted his remedies in the state courts, since "a judgment on a writ of *habeas corpus*, refusing to release a prisoner, is not a bar to the issuance of another writ upon the same facts . . . . The identical issues, heretofore determined, are thus raised for the second time."

Upon reconsideration of the facts we held, pursuant to the later decisions of the United States Supreme Court, that Stonebreaker was entitled to his release. But see *Pruitt* v. *Peyton*, 338 F. 2d 859, 861 (4th Cir. 1964), where the United States Court of Appeals seemed to imply that it regarded § 8-605 as a rule of finality.

The United States Supreme Court has consistently held that res judicata does not apply in federal habeas corpus litigation. *Salinger* v. *Loisel*, 265 U. S. 224, 44 S. Ct. 519, 68 L. Ed. 989 (1924); *Fay* v. *Noia*, 372 U. S. 391, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1963). But the rule in the federal courts, pursuant to 28 U.S.C. § 2244 (1967 Supp.), is to reject repetitive habeas corpus petitions if the allegations have been previously decided on the merits and the ends of justice would not be advanced by further consideration. *Alford* v. *North Carolina*, 405 F. 2d 340, 342 (4th Cir. 1968).

Following, as we do, the rule of *stare decisis*, we will not apply the principle of res judicata to habeas corpus proceedings. *Stonebreaker* v. *Smyth*, 187 Va. 250, 46 S. E. 2d 406. Nevertheless, Code § 8-605 affords relief from the increasing burden of repetitive applications. Absent a change of circumstances, previous determination of the issues by either state or federal courts will be conclusive.

Here, Hawks alleges no new ground for relief. Unlike *Stonebreaker*, *supra*, he relies on no new constitutional mandate or change in the law. All allegations now made by Hawks having been resolved against him, the previous adjudications are conclusive under § 8-605 and he is entitled to no further relief.

We cannot properly prevent an indigent prisoner from filing a frivolous petition for habeas corpus *in forma pauperis*. No one should be denied access to the courts because of inability to pay the filing fees. We will, however, continue to decline to appoint counsel at state expense for an indigent who files a petition repetitious of issues previously adjudicated. We would not have appointed counsel to represent Hawks on his present petition except for the important questions raised by the Attorney General, as counsel for respondent.

If a court has determined that a petition is repetitious then, without appointing counsel, it may deny the writ under § 8-605. Inevitably, there will be instances when the court receiving a petition which appears meritorious on its face will issue a show cause order before finding that all the allegations have previously been resolved against the petitioner. In such cases the Attorney General can only move to dismiss under the same statutory authority.

*Writ denied.*