823 F.2d 547
 Unpublish Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Johnny Wayne LAFORCE, Petitioner-Appellant,
v.
R. M. MUNCY, Warden; Attorney General of Virginia,
Respondent-Appellee.
 No. 87-6550
 United States Court of Appeals, Fourth Circuit.
 Submitted April 21, 1987.
Decided June 24, 1987.
 
 Johnny Wayne LaForce, appellant pro se.
 Frank Snead Ferguson, Office of the Attorney General, for appellees.
 Before SPROUSE, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Johnny Wayne LaForce seeks to appeal the district court order dismissing his 28 U.S.C. Sec. 2254 petition. LaForce attacks the validity of his conviction, in March 1983, for grand larceny. His seventeen grounds for relief were previously presented to the Supreme Court of Virginia, in identical fashion, in a petition for a writ of habeas corpus. Nine allegations were dismissed pursuant to the mandate of Virginia Code Sec. 8.01-654(B)(2), and six pursuant to the rule of Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974), cert. denied, 419 U.S. 1108 (1975). Application of these state procedural bars precludes federal consideration of these claims absent a showing of cause for the procedural default and prejudice resulting therefrom. Wainwright v. Sykes, 433 U.S. 72, 87 (1977). As the district court held, LaForce has not maintained his burden of demonstrating cause and prejudice. Therefore, that court properly declined to review the merits of these claims.
 
 
 2
 The remaining two allegations, raised by LaForce, were dismissed by the Supreme Court of Virginia under the rule of Hawks v. Cox, 211 Va. 91, 175 S.E.2d 271 (1970). These claims allege that: (1) the trial court erred in instructing the jury that a co-defendant is not required to testify and cannot be compelled to testify; and (2) that the prosecutor acted improperly when he argued to the jury that LaForce's exercise of his right to a separate trial prohibited production of certain evidence by the prosecution. We decline to address the merits of these claims and instead hold, as did the district court, that this petition constitutes an abuse of the writ.[1] Rule 9(b), Rules Governing Section 2254 Cases. The record reveals that LaForce was, or should have been, aware of his claims at the time he filed a prior federal habeas petition.
 
 
 3
 For the foregoing reasons we deny leave to proceed in forma pauperis, deny a certificate of probable cause to appeal, and dismiss the appeal. We dispense with oral argument as it would not significantly aid the decisional process.
 
 
 4
 DISMISSED.
 
 
 
 [1]
 The record reveals that although the district court gave LaForce the opportunity to respond to the defendants' motion to dismiss he was not specifically notified that dismissal under Rule 9(b) was contemplated. See Johnson v. Copinger, 420 F.2d 395, 399 (4th Cir. 1969). The error, however, is harmless since LaForce did, in fact, address the possibility of Rule 9(b) dismissal