881 F.2d 1070
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Raymond Lee SUTTON, Petitioner-Appellant,
v.
Edward W. MURRAY, Director of the Virginia Department of
Corrections, Respondent-Appellee.
 No. 88-7192.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 12, 1989.
Decided Aug. 1, 1989.
Rehearing Denied Aug. 31, 1989.
 
 Raymond Lee Sutton, appellant pro se.
 Robert B. Condon, office of the Attorney General of Virginia, for appellee.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Raymond Lee Sutton seeks a certificate of probable cause to appeal the judgment of the district court dismissing his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. Sec. 2254. Our review of the district court's opinion adopting the magistrate's report reveals that this appeal is without merit. Accordingly, we deny a certificate of probable cause to appeal and, as to claims (1)-(2), (11)-(21), and (23), dismiss the appeal on the reasoning of the district court. We also dismiss the appeal as to the remaining claims but for reasons different from those of the district court.
 
 
 2
 Sutton originally raised claims (3)-(10) in a state petition for habeas relief. The petition was denied and, despite the fact that Sutton had four different lawyers appointed to perfect his appeal, the appeal was never perfected. Thereafter, Sutton raised claims (3)-(10) in a second state habeas petition filed in the Supreme Court of Virginia. The supreme court dismissed these claims under the rule of Hawks v. Cox, 211 Va. 91, 175 S.E.2d 271 (1970) which provides that an adjudication of a habeas claim, if unappealed, would be presumed to be conclusive as to the merits of that claim in a later habeas proceeding.
 
 
 3
 The United States Magistrate, to whom the federal petition was referred for report and recommendation, concluded that federal review of claims (3)-(10) was barred absent a showing of cause for the procedural default and prejudice from application of the bar. The magistrate concluded that Sutton had shown no cause for his default; therefore, federal review was barred. Whitley v. Bair, 802 F.2d 1487 (4th Cir.1986), cert. denied, 480 U.S. 951 (1987).
 
 
 4
 Sutton contends that he should not be held to have procedurally defaulted these claims because he had four separate attorneys appointed to perfect his appeal but none of them took the necessary steps to do so, or provided him with the necessary materials for perfecting the appeal pro se. We need not remand this case for further investigation as to the circumstances surrounding counsels' multiple failures to perfect the appeal from the denial of the first state petition because, even assuming that counsel's failure constituted cause for Sutton's default, he cannot show prejudice because claims (3)-(10) are without merit.
 
 
 5
 Sutton alleges that he was denied the effective assistance of counsel because of a conflict of interest in his attorney's dual representation of Sutton and his codefendant. Further, he contends that the trial court should have sua sponte stopped the trial due to the conflict. The Sixth Amendment right to counsel includes the right to effective assistance free of conflicts of interest and, in the case of a single attorney representing multiple defendants, free from conflicting interest between each of the defendants. United States v. Ramsey, 661 F.2d 1013 (4th Cir.1981), cert. denied, 455 U.S. 1005 (1982). The possibility of a conflict exists wherever one attorney represents more than one defendant in the same trial. The mere possibility of a conflict, however, does not present a Sixth Amendment violation and creates no affirmative duty on the trial court to inquire into the circumstances of the multiple representation. Cuyler v. Sullivan, 446 U.S. 335 (1980). A trial court has a duty to inquire upon a timely objection to multiple representation, see Holloway v. Arkansas, 435 U.S. 475, 482 (1978), and is required to conduct a sua sponte inquiry only where the possibility of a particular conflict becomes apparent on the record. Wood v. Georgia, 450 U.S. 261 (1981). In order to demonstrate a violation of his Sixth Amendment rights, the petitioner "must establish that an actual conflict of interest adversely affected his lawyer's performance." Cuyler, 446 U.S. at 350. To demonstrate that such an actual conflict existed the petitioner must be able to point to " 'specific instances in the record to suggest an actual conflict or impairment of [his] interests.' " United States v. Mers, 701 F.2d 1321, 1328 (11th Cir.) (quoting United States v. Fox, 613 F.2d 99, 102 (5th Cir.1980), cert. denied, 464 U.S. 991 (1983). Sutton has failed to meet these tests.* He has failed to demonstrate that his trial counsel's representation of Sutton's codefendant in the joint trial impaired counsel's representation of Sutton in any way. Sutton does not allege, nor does the record suggest, that his defense was antagonistic to the codefendant's defense. Accordingly, we conclude that this claim is without merit.
 
 
 6
 We have carefully examined the record in light of claims (5)-(10) and conclude that those claims are also without merit. Sutton has not shown how he was prejudiced such that, but for counsel's alleged deficiencies regarding these claims, the result of his trial would have been different. Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 7
 In claim 22 Sutton contended that his appellate counsel was ineffective because, although requested to do so, counsel refused to perfect an appeal from the two convictions for taking indecent liberties. Sutton raised this claim for the first time in the second state petition filed in the Virginia Supreme Court. When the Commonwealth responded to the second state petition, it failed to address claim 22. The supreme court, likewise, failed to specifically address it. Respondent concedes that the only language in the supreme court's order applicable to claim 22 is the court's language which "[found] no merit in other complaints raised by petitioner." Notwithstanding the Supreme Court's apparent disposition of this claim on the merits, respondents urged the district court to find it barred under Va.Code Ann. Sec. 8.01-654(B)(2) which provides that "no writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." The district court agreed and found "that the Supreme Court of Virginia probably intended to dismiss it under Va.Code Ann. Sec. 8.01-654(B)(2) because of the supreme court's history of consistently applying its procedural rules."
 
 
 8
 Because the Virginia Supreme Court did not specifically indicate that it was applying its procedural bar, instead of dismissing on the merits, the federal habeas court must reach the merits of the claim. See Harris v. Reed, 57 U.S.L.W. 4224 (U.S. Feb. 22, 1989) (No. 87-5677) (procedural default will not bar consideration of a federal claim on habeas review unless the last state court rendering a judgment in the case clearly and expressly states its judgment rests on a state procedural bar). We need not remand for further proceedings on this claim because we conclude as a matter of law that the claim is without merit.
 
 
 9
 The due process clause of the constitution guarantees criminal defendants effective assistance of counsel on their first appeal as a right. Evitts v. Lucey, 469 U.S. 387 (1985). Appointed counsel, however, need not raise on appeal every nonfrivolous issue requested by the defendant. Jones v. Barnes, 463 U.S. 745 (1983). See e.g. Griffith v. Aiken, 775 F.2d 1226 (4th Cir.1985) (failure of appellate counsel to appeal all trial errors other than ineffective assistance of trial counsel was not ineffective assistance but strategic decision based on reasonable professional judgment), cert. denied, 478 U.S. 1007 (1986). Sutton has not pointed to any grounds upon which to base an appeal from the two indecent liberties convictions, and our review of the record does not reveal any. It is clear that Sutton exercised custodial control over the victim, and state appellate counsel conceded as much. Additionally, both the victim and Sutton testified that they had sexual intercourse on the dates in question. The tactical decision by counsel to concentrate on the much more serious rape charge and not dilute his argument by raising frivolous issues on a meritless appeal cannot be said, on this record, to be unreasonable or ineffective.
 
 
 10
 Accordingly, we deny a certificate of probable cause to appeal and, except as otherwise indicated, dismiss the appeal on the reasoning of the district court. Sutton v. Murray, C/A No. 87-774-N (E.D.Va. July 14, 1988). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 DISMISSED.
 
 
 
 *
 We have examined the conflict of representation issue only as it might have affected Raymond Sutton's defense. We express no opinion as to whether Virginia Sutton, the codefendant in this case, could establish a conflict of interest based upon the representation provided her