985 F.2d 553
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Sidney A. HENRY, Petitioner-Appellant,
v.
Edeard W. MURRAY, Director of the Virginia Department of
Corrections, Respondent-Appellee.
 No. 91-6684.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 27, 1992
Decided: February 3, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, District Judge. (CA-91-370-N)
 Sidney A. Henry, Appellant Pro Se.
 Linwood Theodore Wells, Jr., Assistant Attorney General, Richmond, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.
 Before NIEMEYER and HAMILTON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Sidney Henry appeals the district court's dismissal of his 28 U.S.C. § 2254 petition on procedural default grounds. We grant a certificate of probable cause to appeal, affirm in part, and vacate and remand in part.
 
 
 2
 Henry was convicted in Portsmouth, Virginia, of possession of cocaine with intent to distribute and possession of firearms while possessing drugs. After an unsuccessful direct appeal, Henry filed a habeas corpus petition in the state circuit court. The petition included a conclusory allegation of ineffective assistance of counsel.
 
 
 3
 The circuit court denied the petition, and the Supreme Court of Virginia refused Henry's petition for appeal. That court determined that review of Henry's ineffective assistance claim was barred under the rule of Penn v. Smyth, 49 S.E.2d 600 (Va. 1948), because Henry offered no factual support for the claim. The court further determined that consideration of Henry's other claims was barred under Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974), because of Henry's failure to raise the claims at trial or on direct appeal.
 
 
 4
 Henry filed a second habeas corpus petition in the Supreme Court of Virginia, alleging ineffective assistance of counsel. This time, Henry alleged seven instances of ineffectiveness and supported each allegation with facts. The Supreme Court of Virginia, however, determined that it again was barred from considering the claims. In reaching this decision, the court applied to each of Henry's allegations Va. Code Ann. § 8.01-654(B)(2)(1992), which bars consideration in a subsequent habeas petition of claims known but not raised in the first petition, and/or Hawks v. Cox, 175 S.E. 2d 271 (Va. 1970), which bars reconsideration of a previously rejected habeas claim absent changed circumstances.
 
 
 5
 Henry then filed the instant § 2254 petition, raising several grounds for relief, including ineffective assistance of counsel. The district court determined that it was procedurally barred from consideration of Henry's petition. It is from that decision that Henry appeals.
 
 
 6
 We vacate that portion of the district court's decision relating to ineffective assistance and remand for consideration of the merits of this claim. In applying the bar of § 8.01-654(B)(2) and Hawks v. Cox, the Virginia Supreme Court determined that Henry had an opportunity in his first petition to raise the claim and should not be given a second chance to raise it. The implicit conclusion that Henry had an opportunity to raise the ineffectiveness claim implicates the Supreme Court's initial determination that, under Penn, the ineffectiveness claim was too conclusory to be considered.
 
 
 7
 In Clay v. Murray, No. 91-6269 (4th Cir. Apr. 27, 1992) (unpublished), we recently considered whether the Virginia courts' reliance on Penn to bar review of a habeas claim was an independent and adequate state law ground under federal habeas law to warrant dismissal of the claim on procedural default grounds. See Coleman v. Thompson, U.S.L.W. (U.S. 1991). We concluded that, if the state habeas petitioner was not afforded the opportunity to particularize his conclusory claim, the application of Penn was not adequate under federal law and that federal courts could review the merits of the claim. Although Clay has no precedential value, I.O.P. 36.5, 36.6, its reasoning is equally applicable to this appeal.
 
 
 8
 Because, as in Clay, Henry was not afforded the chance in state court to detail his allegations of ineffective assistance, and because the conclusory nature of his initial allegation was the fundamental reason for the denial of both his habeas petitions, we remand this issue to the district court for consideration of the merits.
 
 
 9
 We turn now to the district court's application of the bar to Henry's remaining claims. Our review of the record and the district court's opinion accepting the recommendation of the magistrate judge with respect to those allegations discloses that this appeal is without merit. Accordingly, we affirm that portion of the order dismissing these claims on the reasoning of the district court. Henry v. Murray, No. CA-91-370-N (E.D. Va. Nov. 4, 1991).
 
 
 10
 As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 
 11
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART