PRESENT:  Lacy, Keenan, Koontz, Kinser, and Lemons, JJ., and
Carrico[1] and Compton, S.JJ.

DERRICK GEORGE HENRY

v.  Record No. 021542      OPINION BY JUSTICE ELIZABETH B. LACY
                                    February 28, 2003
WARDEN, RIVERSIDE REGIONAL JAIL

               FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                         Learned D. Barry, Judge

     Derrick George Henry was convicted of possession of cocaine

with intent to distribute in violation of Code § 18.2-248.

Henry's conviction was affirmed by the Court of Appeals.  Henry

v. Commonwealth, 32 Va. App. 547, 529 S.E.2d 796 (2000).  This

Court denied Henry's petition for appeal by order on October 26,

2000.[2]

     Henry filed a petition for a writ of habeas corpus in the

trial court asserting that he was illegally detained because his

detention was based on "evidence that was seized pursuant to a

search warrant that was illegally executed by means of a 'no

knock' entry."  The trial court granted the Commonwealth's

motion to dismiss the petition.  We awarded Henry an appeal and,

because we conclude that the issue raised by Henry in this

_____

     [1] Chief Justice Carrico presided and participated in the
hearing and decision of this case prior to the effective date of
his retirement on January 31, 2003.
     [2] Henry's first petition for appeal to the Court of Appeals
was dismissed for failure to file a transcript.  Pursuant to a
previous petition for a writ of habeas corpus, he was granted a
belated appeal.

habeas corpus petition was decided on direct appeal, we will affirm the judgment of the trial court.

The facts relevant to this appeal as recited by the Court of Appeals are as follows. On February 12, 1997, five police officers went to serve a search warrant for an apartment in Richmond. As the officers approached the front porch, they saw two men, Manuel and Hawkins, coming out the front door. Id. at 550, 529 S.E.2d at 798. Two officers pursued and apprehended Manuel. As Hawkins was closing the door to the apartment, the other officers " 'started announcing' their identity and purpose." Id. Immediately after Hawkins closed the door, another officer turned the knob and found that the door was unlocked. At that point, two officers entered the apartment "yelling, 'search warrant, police, everybody down.' " Id.

Contemporaneously, Officer Payne attempted to stop Hawkins on the front porch. Id. When Hawkins refused to stop, a struggle between the two men ensued in the front yard. Id. According to Officer Payne, "the noise outside was so loud that officers in a marked unit a block or two away 'heard us yelling' and 'came to our assistance.' " Id. at 551, 529 S.E.2d at 798. Thereafter, the officers arrested Henry, who was found in the apartment.

In this appeal, Henry asserts, as he did in the trial court, that the "no-knock" search was not justified because,

2

_inter_ _alia_, there was no evidence that the occupants of the apartment were aware of the officers' presence and no evidence that they would have attempted to escape or destroy evidence. Therefore, Henry argues, there was an insufficient basis for the officers reasonably to have believed that knocking and announcing their entry would have been dangerous or futile and that the loud disturbance in the front yard of the apartment was "simply not sufficient to serve as a basis for a reasonable suspicion."

This issue was the very issue decided by both the trial court, and the Court of Appeals in Henry's direct appeal of his conviction. The Court of Appeals specifically opined that

> [b]ased on the loud disturbance taking place in front of appellant's residence and the fact that three of the five officers were involved in apprehending two recalcitrant suspects outside the premises to be searched, we find the Commonwealth sufficiently established that the officers had a reasonable suspicion that knocking and announcing their presence would be dangerous or futile.

_Id._ at 553, 529 S.E.2d at 799.

We have held that a claim that _could_ have been raised at the criminal trial or on direct appeal is not cognizable in habeas corpus because to do so would circumvent the trial and appellate process for non-jurisdictional defects. _Slayton v. Parrigan_, 215 Va. 27, 30, 205 S.E.2d 680, 682 (1974). In _Hawks v. Cox_, 211 Va. 91, 175 S.E.2d 271 (1970), the petitioner raised

3

issues that had been addressed and resolved in the petitioner's previous petitions for habeas corpus. We held that, "[a]bsent a change of circumstances, previous determination of the issues by either state or federal courts will be conclusive." Id. at 95, 175 S.E.2d at 274. The natural corollary to these decisions is that a non-jurisdictional issue raised and decided either in the trial or on direct appeal from the criminal conviction will not be considered in a habeas corpus proceeding.

Therefore, we will affirm the judgment of the trial court dismissing Henry's petition for a writ of habeas corpus because the issue raised by the petition was addressed and resolved in the trial and direct appeal of his criminal conviction and, therefore, is not cognizable in a habeas corpus proceeding.[3]

Affirmed.

---

[3] To the extent Henry is raising a "new" claim by arguing that the police officers "created" the exigent circumstances and therefore the no-knock entry was improper, that claim is barred under the holding in Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974).