# CIRCUIT COURT OF AMHERST COUNTY

Jamarr Duran Brinkley

v.

Warden,
Sussex I State Prison

September 13, 2013

Case No. CL12008503

By Judge J. Michael Gamble

I am writing this letter to rule on the motion to dismiss of the respondent. I have reviewed the petition, the motion to dismiss, the opposition to the motion to dismiss, and the court file, including the transcript and exhibits in the case of *Commonwealth v. Jamarr Duran Brinkley*, CR10013762-01, -02, -05, & -07. After consideration of these matters, I sustain the motion to dismiss and dismiss the petition for writ of habeas corpus.

Part I of the petition constitutes an effort to reargue the evidence in the case for the purpose of finding the trial court erred in determining that the evidence was sufficient to prove the guilt of the defendant. This, of course, is a relitigation of the evidence admitted at trial and considered by the appellate courts on appeal. A petition for writ of habeas corpus cannot be a substitute for a direct appeal. *Slayton v. Parrigon*, 215 Va. 27, 29, 305 S.E.2d 680, 682 (1974). Further, a claim that could be raised at trial or on appeal is not cognizable in a habeas corpus proceeding. *Henry v. Warden*, 265 Va. 246, 248, 576 S.E.2d 495, 496 (2003).

Part I of the petition is not a cognizable claim in a habeas corpus proceeding.

Part II(A) and (B) basically assert that the petitioner had ineffective counsel because counsel did not object to Commonwealth Exhibit # 16, a letter from the petitioner to "Metri" dated January 17, 2010. The arguments of the defendant in support of Part II(A) and (B) of the petition do not support the allegation of ineffective counsel for a number of reasons.

First, the argument assumes that, because the letter suggested the defendant may have committed other crimes, it should not have been admitted. The letter, however, was admissible because it established that the petitioner knew the victim and it showed consciousness of guilt. There is a clear inference from the letter that petitioner was requesting Metri to take action to make sure the victim would not testify against the petitioner. Consideration of the entire letter was appropriate in order for the court to understand the context in which these statements were made. As noted by the motion to dismiss of the respondent, a defendant does not have the right to "sanitize the evidence." *Harter v. Commonwealth*, 31 Va. App. 743, 748, 545 S.E.2d 606, 608 (2000).

Next, in order to constitute ineffective assistance of counsel, it must be shown that both the attorney's performance was deficient and that the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A review of the transcript shows that the court did not rely upon the letter in finding the defendant guilty. The court relied upon the believable testimony of the victim in the case. Accordingly, the defendant was not prejudiced by the admission of the letter.

In Part II(C), the petitioner argues that counsel was ineffective because he failed to present critical evidence to corroborate the testimony of the defendant. The petitioner maintains that defense counsel should have called Evelyn Robinson as a witness and that photographs, video footage, and cellphone records should have been admitted. In this regard, I find that this does not satisfy the prejudice requirement of *Strickland v. Washington*. There is nothing to indicate that this evidence, some of which was cumulative, would have changed the result at trial. It should be noted that defense counsel called four witnesses to corroborate in one aspect or another the testimony of the defendant. Two of these witnesses, Sheila Charlton and Kim Brinkley, the petitioner now claims had additional evidence or information. During the plea colloquy, the defendant did not state that he needed Evelyn Robinson as a witness. The photographs attached to the petition are dated at a different time from when the crime occurred and otherwise do not prove anything. There were no videos or cellphone records offered with the petition for writ of habeas corpus. The court is being asked to second guess and speculate on the tactics of trial counsel. Last, the petitioner asserts that trial counsel was ineffective because he allowed, without objection, for the Commonwealth to make a "missing witness" argument. This argument is defective on two grounds. First, the court is being requested to speculate on the trial tactics of defense counsel. Next, the defendant was not prejudiced because the court did not rely upon the missing witness argument in deciding the guilt of the defendant.

*Order*

For the reasons set forth in the letter opinion dated September 13, 2013, which is attached to this order and incorporated into the order, the court does adjudge, order, and decree that the motion to dismiss the petition of habeas corpus is granted. Accordingly, the court does adjudge, order, and decree that the petition for writ of habeas corpus is dismissed.

The clerk is directed to mail a certified copy of this order to counsel. This case is ended and removed from the docket of this court.